N. F. HITCHCOCK ET AL., PLAINTIFFS IN ERROR, V. J. T. MCKINSTER, DEFENDANT IN ERROR.

1. Change of Venue: PRACTICE WHERE JUSTICE IS BIASED. Where on a change of venue a cause is transferred to a justice of the peace, who, by reason of bias and prejudice, is unable to try the case, a motion to dismiss, filed by the defendant, *Held*, Properly overruled. The proper motion in such case is to remand.

2. ———: MOTION TO CHANGE: PARTY MOVING CANNOT COMPLAIN IF MOTION GRANTED. Where a cause was transferred to a justice of the peace upon a change of venue, and he being unable, by reason of bias and prejudice, to try the case, whereupon the defendant filed a motion to dismiss for said cause, which motion being overruled, he filed a motion supported by affidavit for a second change of venue, which motion was sustained, *Held*, That he could not predicate error upon the sustaining of his own motion.

3. ———: PRACTICE. Where a justice of the peace, on application for a change of venue, made an order transferring the cause to one R., supposed to be the nearest justice to whom no objections would apply; but on the next day ascertained that said justice had resigned, whereupon he changed the order, transferring said cause to one B., the nearest justice exercising the duties of his office, all parties being notified of said change, and a trial was thereafter had before B. and a jury, at which the parties appeared, *Held*, No error.

4. Forcible Entry and Detention: COMPLAINT: NOTICE. Where, in a complaint for forcible entry and detention, it is alleged that "plaintiffs served notice on the defendant describ-

ing said premises to defendant," *Held*, A sufficient allegation that the notice was in writing.

5. ——: ——. There being no bill of exceptions, objections to the form of notice cannot be considered.

ERROR to the district court for Otoe county. Tried below before POUND, J.

*S. P. Davidson*, for plaintiffs in error.

*S. J.* and *T. B. Stevenson*, for defendant in error.

MAXWELL, CH. J.

This is an action of forcible entry and detainer for the recovery of the possession of certain real estate described in the complaint. On the trial of the cause before a justice of the peace and a jury, a verdict was returned in favor of the plaintiffs, on which judgment was rendered. The case was then taken on error to the district court, where the judgment of the justice was reversed, and from such judgment of reversal the plaintiffs bring the cause into this court on error. There is no bill of exceptions, and the only evidence as to the procedure in the justice's court is contained in the several transcripts set forth in the record, which will be noticed presently.

The action was commenced before one T. J. Smith, a justice of the peace. The complaint is as follows:

"N. F. Hitchcock and J. F. Townsend,
                    *Plaintiffs,*
            *vs.*
J. M. McKinster,
            *Defendant.*

"Said plaintiffs allege that they are entitled to the possession of the south-west quarter of section thirty, town seven, range ten, in Otoe county, state of Nebraska; that plaintiffs have been entitled to the possession of said prem-

ises for more than three weeks now past; that said defendant unlawfully and forcibly detains said premises from said plaintiffs and has so unlawfully and forcibly detained the same for more than three weeks last past; and on the 6th day of May, 1885, plaintiffs served a notice on defendant, describing said premises, to quit within three days after that time; that said time has elapsed and defendant still wrongfully detains said premises. Wherefore plaintiffs pray judgment against defendant for restitution of said premises and costs of suit."

The defendant filed a motion for a change of venue and the change was granted to one Charles Turnbull. From some cause, which does not clearly appear in the transcript, but which was stated on the argument of the case to be the bias of Mr. Turnbull, he was unable to act. He thereupon entered an order transferring the cause to one M. G. Reed; on the next day ascertaining that Mr. Reed had resigned the office of justice of the peace, Mr. Turnbull entered a further order transferring the cause to one C. Bassett, a justice of the peace, and the papers were transmitted to him. The defendant thereupon moved to dismiss for the following reasons, viz:

"Because this action is not properly brought before this justice on change of venue, because the justice from whence this case was sent could confer no jurisdiction on this justice, to-wit: 'Because there was no authority of law for said Bassett to entertain and try this action because it is not properly before him.' Therefore defendant asks that this action be dismissed."

The motion was overruled, to which defendant excepted.

It was admitted on the argument that Mr. Turnbull having privately stated to the attorney of plaintiffs and also of the defendant, that he was unable to try the case by reason of his bias, the defendant thereupon filed a motion for a change of venue, which was granted as heretofore stated. The transcript from Mr. Turnbull's docket is as follows:

"HENDRICK, OTOE COUNTY, NEB.,
May, 19, 1885.

"In justice court, before Charles Turnbull, justice of the peace in and for Otoe county, Nebraska.  N. F. Hitchcock and J. F. Townsend, plaintiffs, vs.  J. T. McKinster, defendant.

"May 19, 1885.  A certified transcript from the docket of T. J. Smith, J. P. in the above case, was filed on change of venue being taken from said Smith as such J. P. on application of defendant;  May 19, 1885, motion to dismiss filed by defendant and was argued by parties.  May 19, 1885, motion overruled, defendant excepts.  May 19, 1885, defendant files motion for change of venue supported by affidavit.  May 19, 1885, change of venue granted upon defendant paying costs of transfer.  Change of venue granted to Matthew Reed, J. P,, South Branch precinct.

"Costs up to date:  Docket, 25 cents; transcript and transfer, 75 cents.  Paid by defendant.

CHARLES TURNBULL,
*Justice of the Peace.*"

Also the following order:

"May 20, 1885.  On taking papers of above cause to Matthew Reed, found that gentleman had resigned the justiceship.  Transferred the cause to C. Bassett and changed time one hour later; wrote and notified all parties concerned of the change.    CHARLES TURNBULL."

Sec. 958*a*, code of civil procedure, provides as follows: "That in all civil and criminal proceedings before justices of the peace, any defendant in such proceedings may apply for and obtain a change of venue by filing an affidavit in the case made by the defendant, his agent, or attorney, stating that the defendant cannot, as the affiant verily believes, have a fair and impartial hearing in the case on account of the interest, bias, or prejudice of the justice, and by paying the costs now required to be paid by defendant on change of venue, for the causes and in the cases mentioned in chapter four of title thirty, part two of the re-

vised statutes, and thereupon the proceedings shall be trans-
ferred to the nearest justice of the peace, to whom the said
objections do not apply, of the said county, to be proceeded
with in the manner pointed out for the transfer and pro-
cedure in cases of change of venue for cause mentioned in
said chapter four."

Sec. 958 *b*, code of civil procedure, provides that "The
application shall be made before entering upon the merits
of the case by the introduction and reception of evidence;
and no second change of venue shall be allowed for the
same cause in the same proceeding."

1. The motion to dismiss was properly overruled. The
fact that a cause on a change of venue was transferred to a
justice of the peace who is biased or prejudiced against one
or both of the parties, is no cause for dismissing the action.
The object of granting a change of venue is to secure a fair
tribunal for the hearing of the cause, so that if possible a
correct judgment shall be rendered.   If objections are found
to exist against the justice to whom the cause was transferred
so that a fair trial cannot be had before him, a defendant
no doubt may move to remand the cause to the justice
granting the change, and if he fails to do so, the justice to
whom the cause was transferred may proceed with the trial.

2. The second change of venue was granted on the
motion of the defendant, and he cannot predicate error upon
the ground that his own motion was sustained.   The stat-
ute, while it provides for only one change, does not declare
the proceedings of a second change to be void.   At the
most such second change is erroneous, but only the party
injured thereby can complain.   The defendant, therefore, is
estopped by his own motion from complaining of the ruling
of the court in sustaining it.

3. Turnbull, in sustaining the motion granting a change
of venue, made an order transferring the case to one Mr.
Reed, whom he supposed to be the nearest justice of the
peace to whom no objection could be made.   On the next
day, ascertaining that Reed had resigned the office of jus-

tice, he changed the entry by ordering the change to be made to one C. Bassett, a justice of the peace. In this we think there was no error. Mr. Bassett appears to be the nearest justice to whom no objection could be made, and the entry of the preceding day was made under a misapprehension of the facts and failed to transfer the cause to another justice for trial. The theory of the code is, that an action having been properly commenced shall not be dismissed upon slight, trivial, or merely technical grounds where the court has jurisdiction of the subject matter and parties, until a trial has been had upon the merits; and this rule applies to proceedings before justices of the peace. There is no complaint that Mr. Bassett was biased or prejudiced, or that a fair trial was not had before him. We therefore hold that there was no error in his entertaining jurisdiction.

4. The defendant alleges that there was no allegation in the complaint that written notice to leave was served upon him three days before bringing the action, the language being: " Plaintiffs served a notice on defendant, describing said premises to defendant."

It is unnecessary to allege in the complaint that the notice was in writing, although on the trial it must be proved to be so. *Meyers vs. Morse*, 15 Johnson, 425. Moak's Van Santvoords Pleadings, 3d edition, pages 205 and 255. The complaint upon that point, therefore, is sufficient.

5. Objections are made to the form of the notice and the service of the same; but as there was no bill of exceptions before the district court, hence none before this court, it is impossible to say upon what evidence the judgment of the justice of the peace was predicated; we cannot, therefore, review the facts. The judgment of the district court is reversed, and that of the justice reinstated.

JUDGMENT ACCORDINGLY.

THE other judges concur.