HENRY D. ESTABROOK, PLAINTIFF IN ERROR, V. MRS. E. W. HATEROTH, DEFENDANT IN ERROR.

**Forcible Entry and Detention.** The action of forcible entry and detainer under the statute being a civil remedy to recover the possession of premises unlawfully and with force withheld from the plaintiff, it will be sufficient to sustain the charge of forcible detainer, that the party unlawfully in possession refuses to vacate the premises on lawful notice so to do. *Campbell v. Cooneradt*, 22 Kans., 704, approved and followed. *Myers v. Koenig*, 5 Neb., 419.

ERROR to the district court for Douglas county. Tried below before WAKELEY, J.

*Estabrook & Irvine*, for plaintiff in error.

*John L. Webster*, for defendant in error.

MAXWELL, CH. J.

This is an action of forcible entry and detainer brought before a justice of the peace in Douglas county to recover the possession of a dwelling house in the city of Omaha. Judgment was rendered before the justice in favor of the

plaintiff. On appeal to the district court, judgment was rendered in favor of the defendant.

The testimony tends to show that in July, 1882, one Margaret McCoy owned an undivided half interest in the property in question, the other half being owned by one Vorce, the latter, being in possession and receiving the rents and profits; that Mrs. McCoy consulted the plaintiff as to the best means of securing her rights, and being without funds to prosecute an action, it was agreed that the plaintiff should take the necessary steps to enforce her rights at his own costs and expense, the proceeds of the litigation or compromise to be equally divided between the plaintiff and Mrs. M.; that in pursuance of this agreement, the plaintiff entered into negotiations with Mr. Vorce, who, after consulting with his attorneys, conceded the right of Mrs. McCoy to an undivided half of the property in dispute. Mrs. McCoy thereupon took possession of the dwelling in controversy. The plaintiff testifies that, "Mrs. McCoy having possession of that place early in 1883, turned over to me the west half of the double frame building, and I received the rents from that house for several months, receipting for them in my own name, and gave notice to the tenants to quit in my own name, and rented it—I won't say that—I didn't rent it, until finally one day she came to me and said her daughter, who was occupying the east half of the double frame building, wished to exchange, and I exchanged the west half for the east half, and gave notice to my tenant to quit, purely as a matter of accommodation to Mrs. McCoy. No sooner was my tenant out, than that very day—certainly the next morning—possession was taken by a man named Davis; at that same time, either that day or the next day afterward, a deed was filed of Mrs. McCoy's entire interest in that property to William Vorce. I commenced a forcible entry and detainer suit.

"I commenced suit and prosecuted it to final judgment.

Here is the complaint in that forcible entry and detainer suit. [Producing a paper.] I was placed again in possession of that property by the officer."

In this he is corroborated by the testimony of Mrs. Mc-Coy. The plaintiff having obtained possession of the premises under the proceedings mentioned in his testimony, thereupon leased the same to Davis by the following instrument:

" OMAHA, July 20, 1883.

" This mem. witnesseth that W. P. Davis rents of E. & H. Estabrook the east one-half of double house, lot 7, block 22, for an indefinite period. That in the event of moving, said Davis agrees to hold possession for said Estabrook until they procure other tenants. Terms, $12 per month in advance.

"W. P. DAVIS,

" H. D. ESTABROOK."

On the 26th day of May, 1883, Mrs. McCoy conveyed all her interest in the property in question to Vorce, the deed being filed for record on the 30th of that month. The plaintiff seems, however, afterwards to have remained in possession of the premises by his tenant, and remained in possession until the 4th of September, 1883. On that day it is alleged that Davis moved out of the dwelling in controversy, and that the defendant on the same day rented said dwelling from the attorney of Vorce, received the key from Davis, and on the next day took possession of the property. The defendant claims to have had no notice, either actual or constructive, of the interest of the plaintiff in the dwelling in dispute.

The principal error complained of is in giving the following instruction:

" As to the character of acts which would constitute force within the meaning of the law, it is not sufficient that the entry or the detention, or both, were unlawful and against the consent of the plaintiff, or that possession was obtained

by unlocking the door with a key obtained from a tenant then, or lately, in possession, or that the defendant, after demand of possession by plaintiff, refused to surrender them. But if you are satisfied from the evidence that defendant was prepared, and intended to retain the possession by force and violence, and that plaintiff was justified in so believing, this would be sufficient to show such force as the law contemplates." This was excepted to, and is now assigned for error.

Section 1019 of the civil code provides that, "Any justice, within his proper county, shall have power to inquire, in the manner hereinafter directed, as well against those who make unlawful and forcible entry into lands and tenements, and detain the same, as against those who, having a lawful and peaceable entry into lands and tenements, unlawfully and by force hold the same; and if it be found, upon such inquiry, that an unlawful and forcible entry has been made, and that the same lands or tenements are held by force, or that the same, after a lawful entry, are held unlawfully, then said justice shall cause the party complaining to have restitution thereof."

The proper construction of a similar section in the code of Kansas was before that court in *Campbell v. Coonradt*, 22 Kas., 707, where it is said: "The object of the statute is to prevent fights, violence, or other breaches of the peace, and a party who is wrongfully ousted in his absence of his premises by another, and on demand is refused possession, need not put himself in danger of personal violence before availing himself of the statute. If the defendant owns the property in question the law has provided abundant means through and by which he can assert his rights without the unlawful action taken by him. He had no right to use force to possess himself of the lot. *Ainsworth v. Barry*, 35 Wis., 136. *Jarvis v. Hamilton*, 19 Wis., 202. *Allen v. Tobias*, 77 Ill., 169. *Childress v. Black*, 9 Yerg., 317. *Minor v. Duncan*, 54 Ga., 516. *Emsley v. Ben-*

*nett,* 37 Iowa, 15. Many of the decisions referred to by counsel for defendant are not applicable under the provisions of our statute of forcible entry and detainer. Those which require a great degree of force or personal violence to be used, or threatened, in order to constitute forcible entry or forcible detainer, are not satisfactory in view of the fact that one of the main purposes of the law is to preserve the peace and quiet of society."

The case was again before the supreme court of that state, and is reported in 25 Kas., 227, where the former ruling was adhered to.

At common law a forcible detainer is, "Where one who has entered peaceably retains his possession by force, as if he threatens to do bodily harm to any person who shall attempt to enter, uses a larger quantity of arms than is usual for protection, or assembles a crowd of people to repel the approach of others." 3 Chitty Cr. L., 1121. And the punishment being by indictment, it was necessary to charge therein an actual breach of the peace and violence, as no indictment would lie for a mere civil injury, however obnoxious the trespass. 3 Burr., 1701, 1706, 1731. 8 T. Rep. 3 Chitty Cr. L., 1121.

The words, "with a strong hand," distinguish the indictable offense from the civil trespass, and at least a public breach of the peace must appear. 8 T. Rep., 361. 3 Chitty Cr. L., 1123. Under the statute, however, the action of forcible entry and detainer is not a criminal proceeding. It is designed as a speedy and effective means to recover possession of premises from persons unlawfully and with force holding the same. The word "force" is used in a very different sense from the construction placed upon it at common law; it simply means the refusal of a party unlawfully in possession of premises to which he has no right of possession to leave the same.

In *Myers v. Koenig,* 5 Neb., 422, it is said: "One great object of the forcible entry act is to prevent even rightful

owners from taking the law into their own hands, and attempting to recover by violence what the remedial powers of a court would give them in a peaceful mode."

This, in our view, is a correct statement of the law, and will be adhered to.   The instruction above set forth is therefore erroneous, and the judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.