WILLIAM D. POST, PLAINTIFF IN ERROR, v. GEORGE W. BOHNER, DEFENDANT IN ERROR.

1. **Forcible Entry and Detention.** In an action of forcible detention, under the statute, to recover the possession of premises unlawfully withheld, it is sufficient to maintain the action that the party in possession refuses to vacate the premises on lawful notice.

2. ————: NOTICE. A notice to the occupying party, signed by the authorized agent or attorney of the lawful claimant, and duly served, is a sufficient notice for the recovery of the possession of premises unlawfully occupied.

3. **The Weight of the Evidence** being for the plaintiff in the court below, and having been followed by the jury in their verdict, the verdict and judgment sustained.

ERROR to the district court for York county. Tried below before NORVAL, J.

*France & Harlan,* for plaintiff in error, cited: Sec. 1023, Civil Code. *Nason v. Best,* 17 Kan., 408. *Conaway v. Gore,* 22 Id., 216.

*Sedgwick & Power,* for defendant in error, cited: *Chung Yow. v. Hoh Chong,* 4 Pac. Rep., 327.

COBB, J.

This was an action of unlawful detention. It was appealed to the district court, where there was a trial to a jury, with a verdict and judgment for the plaintiff. The cause was brought to this court on error by the defendant, who makes the following assignments of error:

1. There are errors of law occurring at the trial.

2. The complaint does not state facts sufficient to constitute a cause of action.

3. The verdict is not sustained by sufficient evidence, and is contrary to law.

4. The court erred in allowing in evidence before the jury the notice to the said Post to quit the premises, etc.

Neither the first nor second of these assignments are urged or argued in the brief, and so they will not be examined here.

Under the third head, there was evidence tending to prove that the defendant in the court below sold and conveyed the premises in question to the plaintiff, on the 19th day of January, 1887, and that it was mutually agreed by and between the said parties, as a part of the consideration for said sale and conveyance, that the said defendant should have the privilege of occupying said premises until the 1st day of March of said year, at which time he was to deliver the general possession thereof to the plaintiff. There was evidence of a promise, made at the same time by the plaintiff, that in case of the defendant being unable to obtain the possession of his own house in the city of York, in which to move promptly on the first day of March, plaintiff would give him the use of sleeping rooms in the dwelling-house on the premises in question for a few days after said first day of March. All of this evidence in regard to possession was contradicted by the defendant, on the stand as a witness in his own behalf, and quite another contract in regard to the delivery of the premises testified to by him. But the weight of evidence was doubtless with the plaintiff, and so the jury found. There is no dispute as to the further facts that the defendant continued in the possession and occupancy of the premises with his family until the 9th day of March; and although on that day he moved with his family to the city of York, yet he refused to deliver the said premises to the plaintiff, claiming the right to hold said premises until April 1st. It does not appear from the evidence in what manner defendant held the possession of said premises after the said 9th day of March, whether by a servant or tenant, or whether he locked the house upon his removal to York; but it does

appear, and is undisputed, that he held the possession of the premises until after suit was commenced, and holds such possession yet for all that appears.

In the case of *Estabrook v. Hateroth*, 22 Neb., 281, this court construed the law as to the character of holding for which this kind of an action will lie; I quote the syllabus: "The action of forcible entry and detainer, under the statute, being a civil remedy to recover the possession of premises unlawfully, and with force, withheld from the plaintiff, it will be sufficient to sustain the charge of forcible detainer, that the party unlawfully in possession refuses to vacate the premises on lawful notice so to do." Such being the law, there was evidence to sustain the verdict.

The fourth assignment of error is based upon the allowance in evidence by the court of the notice to the defendant to quit the possession of the premises.

It appears from the bill of exceptions that upon the trial the plaintiff offered in evidence "said notice, identified by the witness Branclet, a copy of which is hereto attached marked exhibit B." Defendant objected as incompetent and immaterial, and for the further reason that said notice does not appear to have been served by the proper party. The objection was overruled and said notice was read to the jury.

Plaintiff in the brief now urges, as an objection to the said notice, that it was not signed by the plaintiff in the court below. By reference to the notice it appears to have been signed "George W. Bohner, by Sedgwick & Power, agents and attorneys." This objection was not specifically made in the trial court; had it been, the authority of Sedgwick & Power to sign the notice as agents of the plaintiff would doubtless have been proved. The point not having been raised, and the plaintiff having recognized such authority by adopting and using the said notice, such authority will be presumed for the purposes of the case.

There can be no doubt that a notice of this character may be properly signed by an agent or attorney, if authorized so to do by the principal.

Plaintiff in error also urges in the brief that the notice was not properly served. It will be observed that this point was not specifically raised in the trial court. But had it been, the objection now raised doubtless would have been met by sufficient evidence. The statute (Sec. 1022, Civil Code) provides that the notice shall be served by leaving a written copy with the defendant, or at his usual place of abode, if he cannot be found. The witness testified that he served the notice on the defendant by giving him a copy, etc. Had the trial in the court below been *ex parte*, without an opportunity on the part of the defendant to cross-examine the witness testifying to such service, this objection would be less technical; but even in such case it would scarcely be presumed that, after giving the notice to the defendant, the witness took it away from him, and in a case like the one at bar, where the defendant not only had the opportunity to, but actually did, cross-examine the witness, no such presumption will be indulged in.

And, finally, the notice introduced in evidence and attached to the bill of exceptions was treated as the original notice, and appears on its face to be an original paper.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.