## M. A. BLACHFORD V. PETER FRENZER.

FILED APRIL 16, 1895.   No. 5779.

1. **Forcible Entry and Detainer:** CONSTRUCTION OF STATUTE. Section 1023 of the Code of Civil Procedure construed. The legislature designed by the enactment of this statute to provide a summary remedy by which the owner of real estate might regain possession of it from one who had unlawfully and forcibly entered into and detained possession thereof, or one who, having lawfully entered, then unlawfully and forcibly detained possession.

2. **Justice of the Peace:** JURISDICTION: FORCIBLE ENTRY AND DETAINER: PLEADING. Justices of the peace have original jurisdiction of this class of cases; and it was not the intention of the legislature that the rule which requires the pleader to state the facts constituting his cause of action or defense should be applied to complaints in forcible detainer actions.

3. **Forcible Entry and Detainer:** PLEADING. The complaint of unlawful and forcible detention, to be good under this section, need not aver facts which show that the defendant unlawfully and forcibly detains possession of the premises. The complaint is sufficient if it is in the language of the statute.

4. **Landlord and Tenant:** LEASE: NOTICE. A subtenant is charged with notice of the existence of the tenant's lease and bound by its terms and conditions.

ERROR from the district court of Douglas county. Tried below before IRVINE, J.

*Hall, McCulloch & English,* for plaintiff in error.

*Howard B. Smith, contra,* cited: *Lee v. Stiles,* 21 Conn., 500; *Ladd v. Dubroca,* 45 Ala., 421; *Barto v. Abbe,* 16 O , 408; *Brown v. Burdick,* 25 O. St., 260; *Grant v. Marshall,* 12 Neb., 488.

RAGAN, C.

This is a petition in error prosecuted to this court by Mrs. M. A. Blachford to reverse a judgment of the district court

of Douglas county rendered against her in favor of Peter
Frenzer. The action was forcible detainer and brought by
Frenzer against one C. E. Ham and the plaintiff in error.
The jury in the district court found Mrs. Ham not guilty,
and a judgment to go hence without day was by the dis-
trict court pronounced in her favor. The jury found a
verdict of guilty against Mrs. Blachford, on which the
judgment was pronounced, which she seeks to reverse by
this proceeding.

1. The first contention is that the complaint filed in the
action before the justice of the peace, and on which com-
plaint the action was tried in the district court, does not
state. facts sufficient to constitute a cause of action ; or, as
counsel for the plaintiff in error put it, such complaint was so
defective as to render the action of the district court, in ad-
mitting any evidence under it on behalf of Frenzer, error.
The complaint was as follows: "Peter Frenzer, the plaint-
iff herein, complains of the defendants C. E. Ham and M.
A. Blachford, * * * for that the plaintiff is seized in
fee-simple of the following described premises, to-wit:
[Here follows description of premises.] ˙ That on or about
the 15th day of December, 1889, the plaintiff leased the
said premises to the defendant C. E. Ham for the term of
one month at $110 per month, payable in advance, and that
the said period has since elapsed; that the plaintiff has repeat-
edly demanded the rent of said premises for the month be-
ginning March 15, 1890, which was refused, yet the said
defendant Mrs. M. A. Blachford, who is the actual occu-
pant of the said premises, unlawfully and forcibly detains
possession of said premises and unlawfully and forcibly
holds over the term of said lease; that on the 19th day
March, 1890, the said plaintiff served on the said defend-
ant a notice in writing," etc.. Section 1023 of the Code
of Civil Procedure provides: "The summons [in an ac-
tion of forcible detainer] shall not issue until the plaint-
iff shall have filed his complaint in writing with the

justice, which shall particularly describe the premises so entered upon or detained, and shall set forth either an unlawful and forcible entry and detention, or an unlawful and forcible detention after a peaceable or lawful entry of the described premises." The defect said to exist in this complaint is that it contains no allegation of facts as to how or when or under what circumstances Mrs. Blachford obtained possession of said premises; that it contains no averment of fact showing that she was the tenant of Frenzer; in other words, that the language of the complaint, that Mrs. Blachford "unlawfully and forcibly detains possession of said premises and unlawfully and forcibly holds over the term of said lease," states mere conclusions, and that there is in the complaint no statement of facts which shows that Mrs. Blachford unlawfully and forcibly detains possession of the premises or unlawfully and forcibly holds over her term. A complaint of unlawful and forcible detention, to be good under this section, need not aver facts which show that the defendant unlawfully and forcibly detains possession of the premises. The complaint is sufficient if it is in the language of the statute. The legislature designed by the enactment of this statute to provide a summary remedy by which the owner of real estate might regain possession of it from one who had unlawfully and forcibly entered into and detained possession thereof; or one who, having lawfully entered, then unlawfully and forcibly detained possession. Justices of the peace have original jurisdiction of this class of cases, and it was not the intention of the legislature that the rule which requires a pleader to sta'e the facts constituting his cause of action or defense should be applied to complaints in forcible detainer actions. (*Barto v. Abbe*, 16 O., 408; *Brown v. Burdick*, 25 O. St., 260.) The complaint states a cause of action; and the assignment of error that the district court erred in admitting any evidence under it on behalf of Frenzer must, therefore, be overruled.

2. That the verdict of guilty rendered against Mrs. Blachford is not supported by sufficient evidence. The evidence shows that Frenzer made a verbal lease of these premises to Mrs. Ham about the 15th of December, 1889. By the terms of this verbal lease she was to pay $110 a month rent, payable in advance. At the time of this contract of Mrs. Ham she told Frenzer that Mrs. Blachford was to occupy the premises with her; that Mrs. Blachford and Mrs. Ham both moved into the premises about that date; that within a week from that date trouble arose between Mrs. Ham and Mrs. Blachford and the former left the premises, Mrs. Blachford remaining; that the rent which was paid on the 15th of December, 1889, was paid by Mrs. Blachford; that she paid the rent of the premises on the 15th of January, 1890; that she paid the rent on the 15th of February, 1890; that she paid the rent up to the 15th of March, 1890. About the 15th of March, 1890, Frenzer demanded of Mrs. Blachford another month's rent, and "she promised that she would go and get it right off and pay." She said: "I will go and get it ready and pay you. I will go and get it right off and pay you." On the 17th or 18th of March, Frenzer again demanded of Mrs. Blachford his rent, and she answered that "she would go and get it down town;" but the rent was never paid. This evidence, we think, shows that Mrs. Blachford was occupying these premises as the tenant of Frenzer from the 15th of January, 1890, and that at the time this action was brought she was unlawfully and forcibly holding over her term. The evidence in the bill of exceptions before us does not show or tend to show that Mrs. Blachford was a subtenant of Mrs. Ham, nor do we think it would make any difference in the result if it did. So far as the evidence shows, Mrs. Blachford entered into the possession of these premises lawfully. If she entered as a tenant under Mrs. Ham, then she was bound by the terms of Mrs. Ham's lease, of the existence and terms of which she was

bound to take notice; and if she held possession of the premises, as tenant under Mrs. Ham, or otherwise, after the rent matured by the terms of the lease, she was guilty of unlawfully and forcibly detaining possession of the premises. The verdict and judgment are the only ones that could have been rightfully rendered under the pleadings and evidence of the case, and the judgment of the district court is

AFFIRMED.

IRVINE, C., not sitting.