JOHN FINDERS ET AL. V. ELLEN A. BODLE ET AL.

FILED FEBRUARY 23, 1899.   No. 8644.

1. **Constitutional Law:** VOID STATUTES.  An act of the legislature
   passed in violation of the constitution is void from the date of
   its enactment, and not from the time it is judicially determined
   to be in conflict with the supreme law.

2. ———: ———.  An unconstitutional statute creates no new rights

and abrogates no old ones. It is for all purposes as though it had never been passed.

3. ——: ——: DECEDENTS. "Baker's Decedent's Law" was never in force, and notwithstanding its adoption by the legislature and approval by the governor, it did not change, or affect in any way, the statutes regulating the descent and transmission of testate or intestate estates.

4. **Homestead:** DESCENT. When a homestead is selected from the property of the husband, it vests on his death in his widow for life and afterwards in his heir or devisee in fee simple.

5. **Void Judgments.** When a court renders a judgment which it has no authority to render in any case, nor under any circumstances, such judgment is void for want of jurisdiction.

6. ——: HOMESTEAD: COUNTY COURTS. A decree of the county court assuming to vest in a widow the absolute title to a homestead selected from the lands of her deceased husband is void as an exertion of power not granted by the constitution or laws of the state.

7. **Statutes:** CURATIVE LEGISLATION. Curative legislation does not operate against persons acquiring title to property in good faith and for value before its enactment.

ERROR from the district court of Richardson county. Tried below before STULL, J. *Reversed.*

*C. Gillespie,* for plaintiffs in error.

*Edwin Falloon, contra.*

SULLIVAN, J.

This was an action of ejectment brought by Ellen A. Bodle and Mary Rosa against John Finders and Eliza Finders to recover possession of lot 1, in block 8, of the village of Verdon, in Richardson county. In the district court there was judgment according to the prayer of the petition. The material facts are undisputed and may be thus summarized: Asaph Oliver was the fee owner of the lot in question and at the time of his death was occupying it with his wife, Catherine Oliver, as a family homestead. The property, which did not exceed in value the sum of $500, was devised to Fred Oliver, a son of

Asaph Oliver by a former marriage.  The plaintiffs are
daughters of Catherine Oliver by a former marriage and
step-sisters of Fred Oliver.  After the death of Asaph
Oliver, which occurred February 4, 1892, his widow, re-
jecting the provisions of his will in her favor, declared
her election to take under the law.'  Thereupon the
county court, acting under the authority of chapter 57,
Session Laws 1889, known as "Baker's Decedent's Law,"
made a decree assuming to transfer to Catherine Oliver
absolute title to the property in controversy.  In De-
cember, 1892, Catherine Oliver died intestate and the
plaintiffs succeeded to her rights.  The validity of their
title to the lot depends, therefore, upon the validity of
the decree of the county court.  The Baker law was
passed in violation of the constitution.  It neither cre-
ated new rights nor destroyed old ones.  It was as in-
effectual as though it had never been enacted.  (*Trumble
v. Trumble*, 37 Neb. 340; *Boales v. Ferguson*, 55 Neb. 565.)
Consequently, upon the death of Asaph Oliver the lot in
question became the property of Fred Oliver, subject to
his step-mother's life estate therein.  Section 17, chapter
36, Compiled Statutes 1897, provides that on the death
of the owner of the homestead it shall vest in the surviv-
ing husband or wife during the life of such survivor and
afterwards in the heir or devisee of the original owner.

Fred Oliver having acquired the fee to the property
by his father's will, it was not within the power of the
county court to divest his title and vest it in the plain-
tiff's ancestor, conceding for the purposes of the case
that the proceedings were adversary.  Courts must keep
within their jurisdictions.  They must have power to
hear and decide, or their decisions will be null.  Unless
the question decided is presented for decision, and un-
less the authority to decide questions of like character
is given to the court by law, the decision is a nullity and
may be assailed in a collateral action.  (*Fithian v. Monks*,
43 Mo. 502; *Bridges v. Clay County*, 57 Miss. 252; *Ex parte
Lange*, 18 Wall. [U. S.] 163; *Fcillett v. Engler*, 8 Cal. 76;

*Sheldon v. Newton*, 3 O. St. 494; *Strobe v. Downer*, 13 Wis. 11; *Lewis v. Smith*, 9 N. Y. 502; *Bigelow v. Forrest*, 9 Wall. [U. S.] 339; *Windsor v. McVeigh*, 93 U. S. 274; *Spoors v. Coen*, 44 O. St. 497, 9 N. E. Rep. 132.) In 1 Freeman, Judgments [4th ed.], section 120c, it is said: "If a court grants relief which under no circumstances it has any authority to grant, its judgment is to that extent void." In *Munday v. Vail*, 34 N. J. Law 418, it is said that an essential element of jurisdiction is power in the court to take cognizance of cases to which the one to be adjudged belongs. In the case at bar the county court of Richardson county undertook by its decree to divest Fred Oliver's title to the lot in dispute on the assumption that it had authority to confirm in Catherine Oliver, as widow of Asaph Oliver, the fee to the family homestead, since it did not exceed in value the sum of $1,000. The court possessed no such power in any case. It was without legal capacity to entertain the application of the widow or to grant the relief demanded. The decree assigning the homestead, to the extent that it assumed to confer rights outlasting the life of Mrs. Oliver, was not merely erroneous, but utterly void.

Plaintiffs, however, insist that if the decree was originally void for want of jurisdiction in the county court, it was afterwards legalized and made effective by curative legislation. We need not in this case determine the extent to which the legislature may rightfully go in the enactment of curative statutes, for it is evident the one in question is not applicable here in view of the facts conclusively shown by the record. It appears that John Finders bought the property from Fred Oliver in good faith, and for an adequate consideration, after the decision in *Trumble v. Trumble* and before the curative statute was passed. The title of a purchaser thus acquired is not affected by legislation designed to validate void judgments. Upon this proposition the authorities are agreed. One about to buy property is not required to anticipate future legislative action affecting the title

offered for sale.  Otherwise, investments would be safe
only to those having access to oracles, or possessing
something like that comprehensive sweep of vision as-
cribed by Homer to the Grecian seer.  Discussing a sim-
ilar question Chief Justice Marshall, in *Fletcher v. Peck*,
6 Cranch [U. S.] 87, used the following language: "It is,
then, the unanimous opinion of the court that, in this
case, the estate having passed into the hands of a pur-
chaser for a valuable consideration, without notice, the
state of Georgia was restrained, either by general prin-
ciples, which are common to our free institutions, or by
the particular provisions of the constitution of the United
States, from passing a law whereby the estate of the
plaintiff in the premises so purchased could be constitu-
tionally and legally impaired and rendered null and
void."  In Freeman, Void Judicial Sales, section 61, it
is said: "The curative act does not operate against pur-
chasers from the grantor in good faith, and for value,
before its passage."  In support of this proposition the
author cites *Newman v. Samuels*, 17 Ia. 528; *Thompson v.
Morgan*, 6 Minn. 199; *Brinton v. Seevers*, 12 Ia. 389; *Sher-
wood v. Fleming*, 25 Tex. Supp. 408; *Wright v. Hawkins*,
28 Tex. 452; *Menges v. Dentler*, 33 Pa. St. 495.  Other
cases holding the same doctrine are: *Johnson v. Wells
County*, 107 Ind. 15; *McDaniel v. Correll*, 19 Ill. 226; *Nelson
v. Rountree*, 23 Wis. 367; *Denny v. Mattoon*, 2 Allen [Mass.]
361; *Pryor v. Downey*, 50 Cal. 388.  The judgment of the
district court is reversed and the cause remanded for
further proceedings.

REVERSED AND REMANDED.