STATE FARMERS MUTUAL INSURANCE COMPANY v. E. C. GRAN.

April 19, 1899.

Nos. 11,656—(71).

Justice of the Peace—Change of Venue Twice—Jurisdiction of Third Justice.

If a justice of the peace, upon an application for a change of venue, transfers the action to a person not in fact a justice, and adjourns the trial of the action to a future time, to be had before such supposed justice, and adjourns his own court as to such action, he has no jurisdiction thereafter, upon learning that such person is not a justice, to make a further order transferring the action to another justice.

Appeal by plaintiff from a judgment of the district court for Scott county, affirming the judgment of a justice of the peace in favor of defendant, entered in pursuance of the order of Cadwell, J. Affirmed.

*John Moonan,* for appellant.

*F. J. Leonard,* for respondent.

START, C. J.

This action was commenced in a justice court. The summons was issued returnable June 3, 1898, at 9 o'clock, before Justice Phetteplace, who issued it. The parties duly appeared on the return day. The plaintiff filed its complaint, demanding judgment for $13.80. The defendant made and filed an affidavit for change of venue on the ground of prejudice of the justice. Thereupon the justice made the following entries in his docket:

"The case is hereby transferred to Robert McPheters, of Helena, justice of peace, and set for June 17, 1898, at 9:30 a. m., by consent of parties; pleadings to be filed on said day. This consent of the parties being only to the time and pleadings.

Dated the 3d day of June, 1898."

Then followed his official signature. Afterwards he made in his docket, without date, this entry:

"Finding that R. McPheters has not qualified as justice of peace, I hereby transfer the case to M. S. Darlington, of Sand Creek township; set for the same time,—June 17, 1898, at 9:30 a. m."

His docket shows that he notified the parties by mail, on June 14, of this change. This fact and the file dates on the papers justify the conclusion that the last order was made June 14. The defendant appeared specially before Justice Darlington, and moved to dismiss the action for want of jurisdiction, which was granted, and judgment was entered accordingly, from which the plaintiff appealed to the district court on questions of law alone. The district court entered judgment affirming the judgment of the justice, from which the plaintiff appealed to this court.

The only question to be considered is whether Justice Phetteplace had jurisdiction of the action when he attempted to transfer it to Justice Darlington, 11 days after his first order transferring and

76 M.—3

adjourning it to and before the supposed Justice McPheters. If Justice Phetteplace had learned that McPheters was not a justice of the peace, and had made a second order transferring the action to Justice Darlington before he finally adjourned the case, and while he had jurisdiction of the action and the parties, Darlington would have acquired jurisdiction. Such was the case of Hitchcock v. McKinster, 21 Neb. 148, 31 N. W. 507, relied upon by the plaintiff. But such is not this case, for Justice Phetteplace adjourned the action, to be heard 11 days in the future, not before himself, but in another town, and before a supposed justice (naming him); and his own court, so far as this case was concerned, was finally adjourned. His jurisdiction of the case was then at an end, and he could not thereafter resume it and transfer it to another justice.

Judgment affirmed.