JOHN B. MOORE v. FRANK F. PARKER.

FILED SEPTEMBER 21, 1899.   No. 8,944.

1. Forcible Entry and Detainer: PETITION.  A complaint in an action
   of forcible entry and detainer which accurately describes the
   premises, and distinctly charges an unlawful and forcible de-
   tention thereof by defendant is sufficient.

2. ———: EVIDENCE OF TITLE: LAND-OFFICE RECEIPT.  The duplicate
   receipt of the receiver of a United States land office is evidence
   of title upon which the holder can maintain a possessory action
   for the premises therein described.

3. Evidence: LETTER OF OFFICER.  A certified copy of a letter written
   by a public officer stating in a general way what the records of
   his office disclose is not competent evidence of the facts stated.

ERROR from the district court of Burt county.  Tried
below before POWELL, J.  *Affirmed.*

*Edward W. Peterson*, for plaintiff in error.

*Ira Thomas* and *H. H. Bowes, contra.*

SULLIVAN, J.

This action was brought by Frank F. Parker against
John B. Moore, under the provisions of sections 1019-
1032, Code of Civil Procedure, to recover possession of
160 acres of land in Burt county.  After a trial in the
county court the cause was appealed to the district court,
where the plaintiff had judgment in his favor for res-
titution of the premises and costs.  The defendant prose-
cutes error, alleging that the complaint does not state a
cause of action, and that the evidence is insufficient to
support the finding and judgment.  The complaint is not
defective in any essential particular.  It accurately de-
scribes the premises, and distinctly charges an unlawful
and forcible detention of the same by the defendant.
The statute requires nothing more.  See Code of Civil
Procedure, sec. 1023.  That the evidence fully sustains
the conclusion of the trial court we entertain no doubt

whatever. The property in dispute is part of the public domain, and the plaintiff's right to possess and occupy it was shown by the duplicate receipt of the receiver of the local land office. This, for the purposes of the case, was proof of title equivalent to the production of a patent. See Code of Civil Procedure, sec. 411. The only evidence given by defendant in support of his asserted right of possession was that he had gone peaceably upon the land; that he had occupied it for about six years; that he had improved it with the intention of acquiring the title, and had made an unsuccessful effort to enter it under the homestead act. He also attempted to show that at the time of the trial his right to the land was involved in a pending appeal from the commissioner of the general land office to the secretary of the interior; but the proof tendered to establish that fact was plainly incompetent. The document offered was not a copy of the record of any official action taken by the commissioner. It was merely a certified copy of an answer to an inquiry from defendant's counsel and stated, in a general way, what the records of the commissioner's office disclosed touching defendant's appeal from the decision of the register and receiver of the land office at O'Neill. There was no competent evidence tending to show that Moore had any legal or equitable rights in the premises, and the judgment of the district court is, therefore,

AFFIRMED.