JOHN BOEHLER, APPELLANT, V. CECIL KRAAY ET AL., APPELLEES.

FILED JANUARY 24, 1936. No. 29448.

*Earl E. Walker* and *J. F. Ratcliff*, for appellant.

*Charles E. McCarl, contra.*

Heard before GOSS, C. J., ROSE, GOOD, DAY, PAINE and CARTER, JJ., and CHASE, District Judge.

GOSS, C. J.

Plaintiff appeals from a judgment on a verdict against him in his action of forcible entry and detention against defendants. He claims that he employed defendant Cecil Kraay, about November 1, 1933, to shuck corn and, as a part of the consideration, allowed defendant the use of certain rooms in the dwelling on the farm until the completion of the employment. Defendants, under a plea of not guilty, based their defense upon an oral agreement between the parties that Kraay was not only to shuck the corn but was to rent the farm, except the land theretofore planted to wheat by plaintiff, for the following year under a crop share rental of one-third of the crop. There is no dispute that Kraay lawfully began to occupy the dwelling in the fall of 1933, shucked the 1933 crop of corn and was paid for it. There is a very sharp conflict in the evidence as to any agreement that he leased the premises for 1934.

Cecil Kraay testified that the latter part of September, 1933, he went to see plaintiff at the farm and talked about renting it. Plaintiff said if he rented the place to Kraay the latter would have to shuck the corn. Kraay said he had a job and would not quit it to shuck the corn and plaintiff stated he would let him know. Later plaintiff wrote him he could have the place. He moved in on October 16, 1933, and shucked the corn. Early in January, 1934, they had a conversation and agreed that Kraay was to rent the place, except the land plaintiff planted to wheat, for one-third of

the crop delivered in town. Kraay asked when they could fix up the contract to that effect. Plaintiff said he was busy that day. On March 12, 1934, they were together in a field topping cane and plaintiff said, "We must get around and fix up this contract. The age I am, I am not healthy and my family would not treat you nice." Kraay said, "Why not fix it up this noon?" Plaintiff said, "It is so nice, and I want to finish topping this cane," so nothing was done about putting the contract in writing. Asked as to the length of time he was to have the place, Kraay testified, "He said for the summer."

Plaintiff testified that he merely hired Kraay to shuck the 1933 corn and let him occupy the rooms in the farm dwelling as a neighborly accommodation. He let Kraay stay in the house and do work for the neighbors, but when he was there after March 1, 1934, he served notice to quit and this action resulted.

The jury resolved the evidence in favor of defendants. The evidence was sufficient to support the verdict and resulting judgment. In a jury trial, where the finding is based on conflicting evidence, the verdict will not be disturbed unless clearly wrong.

Plaintiff claims the court erred in several particulars in an instruction (too long to quote) in which the court, after setting out the claims of each party and after setting out what appears from the evidence to be uncontradicted, told the jury what the burden was upon plaintiff to prove. One complaint is that the court said defendant claimed that plaintiff leased to him the premises (except such as had theretofore been planted to wheat) "for the summer or season of 1934 by the terms of which the defendant was to have the privilege of occupying said premises and the buildings thereon." Plaintiff argues that nothing should have been said about the buildings as there was no testimony about the buildings. There was testimony about the buildings. There was evidence that there was a dwelling-house on the farm, that plaintiff let defendant have the use of certain rooms under defendant's engagement to shuck the

1933 corn for him, and that plaintiff wanted to rent the farm for 1934 to some one who would live in the house so that plaintiff could live in town. A lease of the "premises" would include occupancy of the buildings, and we see no error in the court making plain to the jury that a lease, if any, of the premises included the right to occupy the buildings on those premises.

Plaintiff argues that it was erroneous for the court to inform the jury that the term of the lease claimed was "for the summer or season" of 1934; that the word "season" was not used in the evidence and therefore should not have been used in the instruction. It is true that defendant in his testimony used only the word "summer," but the agreement as to a lease, if made, contemplated, as shown by the evidence, that seasonal crops would be planted. Every one in this agricultural section, including judges, knows that crops like corn are not harvested in the "summer." So we see no error in the employment by the trial court of the word "season." See *Vanderhoef v. Agricultural Ins. Co.*, 46 Hun (N. Y.) 328.

Finally, it is claimed that the instruction was erroneous in that it failed to place the burden of proof on Kraay to establish his lease. It must be remembered that this was a suit for unlawful and forcible detention. Defendants' only plea was that of "not guilty." The first point of the syllabus in *Galligher v. Connell*, 23 Neb. 391, 36 N. W. 566, says: "The plea of 'not guilty,' in an action of forcible entry and detainer, requires the plaintiff to prove every fact necessary to entitle him to recover." In the body of the opinion it is said: "The action of forcible entry and detainer in this state is a civil remedy, although to some extent criminal in form; thus the plea of not guilty shifts upon the plaintiff the burden of proof, and requires him to establish every material fact on which his right to recover depends."

In the instruction complained of, the trial court placed the burden upon plaintiff to prove the material allegations of the complaint, stating them, and then instructed the jury: "If the plaintiff has failed to prove the foregoing

material facts by a preponderance of the evidence, or if you believe from the evidence that the plaintiff leased the premises in controversy herein to the defendant Cecil Kraay (describing the terms), you should return a general verdict finding the defendants not guilty." This instruction did not place upon plaintiff the burden of disproving Kraay's lease, nor did it place upon defendants the burden of proving the lease. If a preponderance of the evidence showed the existence of the lease, it defeated plaintiff's claim that he was entitled to the possession of the property at the time he served the notice to quit. That was the naked issue, stripped of all verbal clothing, upon which the cause was based. Comp. St. 1929, sec. 21-1405; *Moore v. Parker*, 59 Neb. 29, 80 N. W. 43; *Blachford v. Frenzer*, 44 Neb. 829, 62 N. W. 1101. The instruction was not erroneous.

The judgment of the district court is

AFFIRMED.