Board of Educational Lands and Funds et al.,
Appellees, v. Roger Gillett, Appellant.
64 N. W. 2d 105

Filed April 16, 1954.   No. 33520.

*Ely & Ely*, for appellant.

*Clarence S. Beck*, Attorney General, *Robert A. Nelson*, and *W. E. Mumby*, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Plaintiffs, Board of Educational Lands and Funds, State of Nebraska, William Walker, and Antoinette Walker, originally filed this forcible entry and detainer action in the county court of Sioux County against defendant Roger Gillett, seeking restitution of described school lands located in said county and owned by plaintiff State of Nebraska as trustee. Upon trial to a jury of the issues made by plaintiffs' petition and defendant's plea of not guilty, it returned a verdict finding defendant guilty of unlawful detention, and judgment was rendered thereon awarding plaintiffs restitution of the premises and costs. Therefrom defendant appealed to the district court. In that court, defendant's respective motions to strike paragraph VI of plaintiffs' petition, and for judgment on the pleadings, were overruled. Jury trial was waived and by stipulation the cause was tried and heard upon the same pleadings as in the county court. Both parties adduced evidence in their behalf, at conclusion of which the trial court found defendant guilty of unlawful detention and accordingly rendered judg-

ment awarding plaintiffs restitution of the premises and costs.

Defendant's motion for new trial was overruled, and he appealed to this court, assigning as error: (1) That the trial court erred in overruling his motions aforesaid; and (2) that the judgment was not sustained by the evidence and was contrary to law. We conclude that the assignments should not be sustained.

Plaintiffs' petition specifically described the lands involved. It then alleged, to wit: That they are a part of the lands granted to the state under the Enabling Act of Congress, and that the state is owner thereof as trustee for the use and benefit of the common schools of this state, as provided by said act and the Constitution of this state, under which the Board of Educational Lands and Funds, hereinafter designated as the board, is charged with the control and management of such lands. That plaintiffs William and Antoinette Walker are owners of a lease on said lands issued to them by the board for a 12-year period from January 1, 1952, they having offered the highest and best bid therefor at a public auction held on March 14, 1952. It then alleged substantially that defendant entered into possession of the premises under a 25-year lease assigned to him on May 10, 1937, which expired December 31, 1949; and that pursuant to the provisions of sections 72-240 and 72-240.01, R. R. S. 1943, defendant made application for and was issued a new lease thereon by the board, dated January 1, 1950, for a period of 12 years. In that connection, paragraph VI of plaintiffs' petition then alleged: "That the Supreme Court of Nebraska has declared sections 72-240 and 72-240.01 to be unconstitutional and void and that, therefore, the lease issued by the Board of Educational Lands and Funds under date of January 1, 1950, as above set forth, is a complete nullity and the defendants acquired no rights by virtue of the same."

Thereafter plaintiffs alleged that on May 27, 1952, they caused a legal 3-day notice to vacate the premises to

be served upon defendant and that such period had fully elapsed and determined, yet defendant continued to unlawfully and forcibly detain said premises from plaintiffs, who prayed judgment for restitution and costs.

Defendant's motion to strike paragraph VI from plaintiffs' petition was predicated upon the basis that it was simply "a conclusion of law, argumentative, and not the statement of any traversible fact."

In State ex rel. Ebke v. Board of Educational Lands & Funds, 154 Neb. 244, 47 N. W. 2d 520, this court, after discussing numerous controlling propositions of law, held: "Sections 72-240 and 72-240.01, R. R. S 1943, are violative of the duties and functions of a fiduciary trustee and, as such, contravene Article VII, section 9, of the Constitution of Nebraska." The conclusion therein was that leases issued by the board in pursuance of such sections were void from their inception. A supplemental opinion is reported in 154 Neb. 596, 47 N. W. 2d 526, but it in no manner arrived at a different conclusion.

In Whetstone v. Slonaker, 110 Neb. 343, 193 N. W. 749, this court said: "It is held in Finders v. Bodle, 58 Neb. 57, that an act of the legislature, passed in violation of the Constitution, is void from the date of its enactment, and that 'An unconstitutional statute creates no new rights and abrogates no old ones. It is for all purposes as though it had never been passed.'

"It is held by the United States supreme court in Norton v. Shelby County, 118 U. S. 425, 442: 'An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed.'

"Cooley in his work on Constitutional Limitations (7th ed.) at page 259, lays down the rule thus: 'When a statute is adjudged to be unconstitutional, it is as if it had never been. Rights cannot be built up under it; contracts which depend upon it for their consideration are void; it constitutes a protection to no one who has

acted under it, and no one can be punished for having refused obedience to it before the decision was made. And what is true of an act void in toto is true also as to any part of an act which is found to be unconstitutional, and which, consequently, is to be regarded as having never, at any time, been possessed of any legal force.' "

In State v. Cooley, 156 Neb. 330, 56 N. W. 2d 129, a case comparable in every material respect with that at bar, this court said: "Most of the contentions made here by appellees were raised and determined in Propst v. Board of Educational Lands and Funds, *ante* p. 226, 55 N. W. 2d 653. In fact the appellees' contentions in this case are mostly supported by referring to parts of appellants' brief in the former case. We will not repeat all of these contentions but only cite the holdings in the Propst case which are controlling thereof. In Propst v. Board of Educational Lands and Funds, *supra*, we held:

" 'Application was made in each instance for issuance of the lease, the requirements of the act were complied with, and a 12-year lease, not a 25-year renewal lease, was issued to each of the previous lessees. These were applied for, issued, accepted, and retained knowingly under the act of 1947, by all who were in any way interested in and concerned with them. The judicial declaration that the automatic renewal plan of 1947 was invalid effectively disposed of any and all alleged rights of appellants granted by, applied for, and accepted by them under that act. The law of this state has always been that an unconstitutional statute is a nullity, is void from its enactment, and is incapable of creating any rights or obligations. Finders v. Bodle, 58 Neb. 57, 78 N. W. 480; Whetstone v. Slonaker, 110 Neb. 343, 193 N. W. 749; Lennox v. Housing Authority of City of Omaha, 137 Neb. 582, 290 N. W. 451.

" '* * * There was a sufficient distinction between the situation of persons holding leases on state school lands under the statute in force prior to 1947 where oppor-

tunity had been afforded for the presentation of bids by third parties, and those who applied for and accepted renewal leases under the act of 1947 where the making of any bids by third parties was barred, to allow the state to treat them as different classes.

" '* * * It was the decision of the court in the Ebke case that gave the renewal leases their status of legal nullity, and not the action of the board in entering the fact upon its records by its declaration or by its vacation of the previous orders concerning the issuance of the leases. There was nothing the board could do or that appellants could have interposed if they had been present at the meeting of the board when this was done that would have affected the invalidity of the leases. The board did not violate rights by its action because no rights in this regard existed. Due process can only be involved when there are existing rights to be defended.' " See, also, State v. Gardner, 156 Neb. 326, 56 N. W. 2d 135. In Propst v. Board of Educational Lands & Funds, 156 Neb. 226, 55 N. W. 2d 653, cited in the above quotation, writ of certiorari was denied, 346 U. S. 823, 74 S. Ct. 39, 98 L. Ed. 42.

In both State v. Cooley, *supra,* and State v. Gardner, *supra,* this court concluded that under the facts disclosed by the records therein, defendants as a matter of law were unlawfully holding possession of the premises involved, and that judgments awarding restitution and costs should have been rendered. Therefore, we reversed the judgments of the lower court and remanded the causes with directions to respectively render judgments for the state in accordance with the prayers of their petitions.

Our conclusion is that paragraph VI of plaintiffs' petition was simply a statement of fact, and the order of the trial court overruling defendant's motion to strike was entirely proper in every respect. In that regard also, defendant argued that paragraph VI was at most an ineffectual attempt to plead res judicata, and that there

was a failure to offer any proof to sustain such a plea. In other words, the effect of defendant's argument is to say that our holdings heretofore set forth with relation to unconstitutionality of sections 72-240 and 72-240.01, R. R. S. 1943, and the invalidity of leases involved therein, were binding only on the parties thereto and not upon defendant in this case. The opinions in such cases and quotations therefrom heretofore recited dispel that argument, contrary to his contentions. They established the public law of this forum in that regard, and plaintiffs here were not required to relitigate that issue in order to establish unconstitutionality of such statutes.

In that regard, we take judicial notice of such laws of this forum. The general rule, as stated in 20 Am. Jur., Evidence, § 32, p. 57, is that: "All courts must take judicial notice of the law prevailing within the forum, for that is the evident purpose of their existence, and it is immaterial whether the law in question is written or unwritten." As stated in 20 Am. Jur., Evidence, § 87, p. 106: "It should be noted in this connection, however, that the rule which precludes a court from taking judicial notice of its own records in other actions does not prevent it from noticing the doctrine or rule of law adopted by the court in the first action and applying that principal under the theory of stare decisis in the second action."

Also, in 21 C. J. S., Courts, § 188, p. 304, it is said: "Res judicata and stare decisis are distinguishable in that the former may relate to both law and facts whereas the latter relates to legal principles only; and also in that the former binds parties and privies, whereas the latter governs a decision on the same question between strangers to the record."

As stated in 31 C. J. S., Evidence, § 16, p. 527: "Likewise, from motives of necessity, as well as of public policy, the constitution and public statutes of a state are judicially recognized by all courts of that state. * * * Judicial knowledge of a statute includes the date when it

was introduced in the legislature, when it was passed and approved, and when it went into effect, or was published; when it was suspended or repealed; facts recited or recognized in the statute, authoritative decisions construing it, and 'everything near or remote that determines' what is and what is not a public law of the state or a part of the constitution."

In that connection, as said in 31 C. J. S., Evidence, § 13, p. 519: "Judicial notice takes the place of evidence. Proof is not required of facts of which the court takes judicial notice."

In State ex rel. Norton v. Van Camp, 36 Neb. 91, 54 N. W. 113, this court held: "An interpretation given to a statutory or constitutional provision by the court of last resort becomes a standard to be applied in all cases, and is binding upon all departments of the government, including the legislature."

As held in Thomas v. Scoutt, 115 Neb. 848, 215 N. W. 140: "The supreme court's interpretation of a constitutional provision is a part of the Constitution itself and is binding on suitors seeking the enforcement of liabilities created by that instrument."

Also, as held in Piechota v. Rapp, 148 Neb. 442, 27 N. W. 2d 682: "That a matter is judicially noticed means merely that it is taken as true without the offering of evidence by the party who should ordinarily have done so. It has no other effect than to relieve one of the parties of the burden of resorting to the usual forms of evidence."

With regard to defendant's motion for judgment on the pleadings, he argued that plaintiffs' petition failed to state a cause of action. Section 27-1401, R. R. S. 1943, contains the jurisdictional requirements and specifies the parties against whom actions in forcible entry and detainer may be maintained. In that connection, section 27-1405, R. R. S. 1943, provides: "The summons shall not issue until the plaintiff shall have filed his complaint in writing with the justice, which shall particularly de-

scribe the premises so entered upon or detained, and shall set forth either an unlawful and forcible entry and detention, or an unlawful and forcible detention after a peaceful or lawful entry of the described premises. The complaint shall be copied into and made a part of the record."

It has long been established in this state that a complaint in forcible entry and detention is sufficient if substantially in the words of the statute. In such a case, Locke v. Skow, 3 Neb. (Unoff.) 299, 91 N. W. 572, it is said: "The decisions in this state are uniform that the complaint need only be in the general terms of the statute. Blachford v. Frenzer, 44 Neb., 829; Moore v. Parker, 59 Neb., 29; Blaco v. Haller, 9 Neb., 149; Hitchcock v. McKinster, 21 Neb., 148."

In Moore v. Parker, 59 Neb. 29, 80 N. W. 43, it is said: "The complaint is not defective in any essential particular. It accurately describes the premises, and distinctly charges an unlawful and forcible detention of the same by the defendant. The statute requires nothing more." As stated in the syllabus: "A complaint in an action of forcible entry and detainer which accurately describes the premises, and distinctly charges an unlawful and forcible detention thereof by defendant is sufficient."

In that connection also, defendant cited and relied upon section 25-804, R. R. S. 1943, and argued therefrom that plaintiffs' petition herein did not comply therewith by stating facts sufficient to bring the case within the provisions of sections 27-1401 and 27-1405, R. R. S. 1943. Plaintiffs' petition seems to us sufficient even under that section, but such conclusion is immaterial and need not be relied upon because section 25-804, R. R. S. 1943, is not controlling in forcible entry and detainer actions. They are controlled by section 27-1405, R. R. S. 1943. Such was the conclusion of this court, where the same question was raised, in Blachford v. Frenzer, 44 Neb. 829, 62 N. W. 1101. Therein it is said: "A complaint.

of unlawful and forcible detention, to be good under this section, need not aver facts which show that the defendant unlawfully and forcibly detains possession of the premises. The complaint is sufficient if it is in the language of the statute. The legislature designed by the enactment of this statute to provide a summary remedy by which the owner of real estate might regain possession of it from one who had unlawfully and forcibly entered into and detained possession thereof; or one who, having lawfully entered, then unlawfully and forcibly detained possession. Justices of the peace have original jurisdiction of this class of cases, and it was not the intention of the legislature that the rule which requires a pleader to state the facts constituting his cause of action or defense should be applied to complaints in forcible detainer actions. (Barto v. Abbe, 16 O., 408; Brown v. Burdick, 25 O. St., 260.)." The statement is controlling here.

In the light of such rules, plaintiffs' petition clearly stated a cause of action, and defendant's motion for judgment on the pleadings was properly overruled.

We turn then to the question of whether or not the judgment rendered was sustained by the evidence. We conclude that it was.

The material evidence is not in dispute. In all material respects except names, dates, parties, property, places, and amounts, the facts adduced are identical with those in State v. Cooley, *supra*, which is controlling.

Defendant here lawfully went into possession of the land on May 10, 1937, as assignee of a then valid 25-year lease which subsequently expired December 31, 1949. Such lease provided, inter alia, "* * * that at the expiration of twenty-five years from and after the first day of January next ensuing after the date of this lease, or sooner, with the consent of the Board of Educational Lands and Funds, he will peaceably and quietly leave, surrender, and yield up all and snigular (sic) the said lands and premises." The evidence here is em-

phatic that defendant makes "no claim whatever under the original lease." However, on September 15, 1949, pursuant to the provisions of sections 72-240 and 72-240.01, R. R. S. 1943, defendant made application for and was issued a new lease on the premises by the board, purportedly effective as of January 1, 1950, for a period of 12 years, under which defendant here claims the right to possession. There were then and are now no improvements upon the property except a windmill, water tank, and some fences, of which his "neighbors owned more than half." He paid accruing rentals until January 1, 1952, after which, upon orders of the board, the county treasurer of Sioux County refused to accept the same. However, as heretofore observed, sections 72-240 and 72-240.01, R. R. S. 1943, were unconstitutional, and such lease was entirely void and a nullity from its inception, so that, as held in State v. Cooley, *supra*, defendant, after December 31, 1949, was merely a tenant at sufferance. In such situation, the board on August 13, 1951, ordered and directed that a lease of the lands should be sold at public auction upon notice thereof, as provided by law. Such notice was given that the lease on said lands would be offered for sale at public auction at the office of the county treasurer in Harrison, Sioux County, Nebraska, at 9:30 a. m., March 14, 1952. Thereat defendant was present and bid on the lease, but plaintiffs Walker were highest and best bonus bidders thereon. Of even date, in conformity therewith, they made formal application for a lease, in which application, inter alia, they agreed to pay for the improvements in addition, as provided by law. Such application was approved by the board on April 14, 1952, and they were lawfully issued a 12-year lease on the premises, effective January 1, 1952. Thereafter, defendant refused to surrender possession, so on May 21, 1952, plaintiffs caused a legal 3-day notice to vacate the premises to be served upon defendant, which he refused to obey, and this action followed on June 4, 1952.

In that connection, as early as Estabrook v. Hateroth, 22 Neb. 281, 34 N. W. 634, this court held: "The action of forcible entry and detainer under the statute being a civil remedy to recover the possession of premises unlawfully and with force withheld from the plaintiff, it will be sufficient to sustain the charge of forcible detainer, that the party unlawfully in possession refuses to vacate the premises on lawful notice so to do. Campbell v. Cooneradt, 22 Kans., 704, approved and followed. Myers v. Koenig, 5 Neb, 419."

Also, in Post v. Bohner, 23 Neb. 257, 36 N. W. 508, this court held: "In an action of forcible detention, under the statute, to recover the possession of premises unlawfully withheld, it is sufficient to maintain the action that the party in possession refuses to vacate the premises on lawful notice."

In the light of such facts and cited authorities, we find that defendant, as a matter of law, was unlawfully holding possession of the premises as found by the trial court, and that the judgment awarding plaintiffs restitution was the only judgment which could have been lawfully rendered.

Cases relied upon by defendant are clearly distinguishable upon the facts and applicable law. To discuss them at length herein would serve no purpose except to unduly prolong this opinion.

For reasons heretofore stated, the judgment of the trial court should be and hereby is affirmed. All costs are taxed to defendant.

AFFIRMED.