Hon. GEORGE B. LAKE, Chief Justice.
" AMASA COBB, } Judges.
" SAMUEL MAXWELL, } Judges.

---

CHARLES S. KINNEY, PLAINTIFF IN ERROR, v. JOHN S. DEGMAN, DEFENDANT IN ERROR.

1. **Replevin.** Action by D. to recover a quantity of corn, which he had grown upon a tract of land held by him as a homestead, under the law of the United States, and for which he held the usual receipt of the receiver of the local land office. K., the defendant in the action, was also a claimant of the land as a pre-emptor, but his claim had been rejected by the register and receiver, from whose decision he had taken an appeal, which was still pending before the Secretary of the Interior. Both were in possession, each of a portion of the land. When the corn was ripe, and during a temporary absence of D., and without his consent, K. harvested and claimed the corn as his own. Verdict and judgment for D. sustained.

2.  Receiver's Receipt.    The usual duplicate receipt of the receiver of a land office is proof of title against all but the holder of a patent.

3.  Register and Receiver.    The rulings of the register and receiver as to the rights of respective claimants to lands under the laws of the United States  cannot be questioned collaterally.

ERROR to the district court for Colfax county.    Tried below before POST, J.

*Phelps & Thomas,* for plaintiff in error.

*Russell & Chambers,* for defendant in error.

LAKE, CH. J.

This controversy concerns the ownership of a quantity of corn grown in 1879 upon the east half of the northwest quarter of section thirty-two, township eighteen, range four, in Colfax county.    This tract is claimed by both of these parties—by the former under the pre-emption, and by the latter under the homestead law of the United States.    The action was replevin.

The agreed statement of facts on which the case was tried below  shows that for several months prior, and up to February 17th, 1879, Kinney had claimed the tract under the timber culture law of congress, when his claim, for some reason undisclosed, was "cancelled."  That while he was so claiming the land, he broke several acres, including that portion on which the corn in question was raised, and made other valuable improvements, of which there was a dwelling house, stable and corn crib, and during the year 1879 was residing thereon with his family.

Upon the cancellation of his timber culture claim, Kinney sought to hold it by pre-emption, and with that view offered to the register and receiver of the proper land office his declaratory statement, which these officers, on the 19th day of February, 1879, rejected.  From this decision against his effort to pre-empt, Kinney took an appeal, which, at the time of the trial of this case in

the court below, was still pending before the Secretary of the Interior in Washington. It is admitted that, personally, Kinney was "a qualified pre-emptor."

On the other hand, it appears that Degman, who, in the spring of 1879, ploughed the ground and planted the corn, and also cultivated and cared for it "until maturity," bases his claim to the land upon "a homestead receipt," or certificate issued to him by the receiver of said land office, on the 20th of February, 1879, which is still "uncancelled." And, in addition to this, it is agreed "that on or about the 13th and 14th days of October, 1879, the said Kinney, by his agent, gathered and removed from said premises the said six acres of corn, during the absence, and without the knowledge or consent, of said plaintiff." That said corn was of the value of $44.70, and its return was duly demanded before the commencement of the action.

With these facts before him, we are of opinion that the district judge rightly ruled that Degman was the owner of the corn which he had raised, and entitled to recover. Kinney's alleged timber culture claim was cancelled. And, no appeal having been taken, the entire justness of the cancellation must be inferred, and Kinney precluded from claiming anything against this ruling of the register and receiver. Besides, Kinney's attempt to acquire the land by pre-emption, shows very satisfactorily that he had ceased to regard himself as entitled to anything under the timber culture law. And thus we have presented the case of two parties, each in possession of a portion, but claiming a right to the whole tract. One of these parties—he who planted, cultivated, and cared for the crop until fit to be harvested—having his possession fortified by a duplicate land office receipt, showing that his claim was duly recognized as a valid one by the land department of the government, whose duty it is, in the first instance, to decide between such claimants; the

other, the apparently surreptitious gatherer of a crop which he had neither planted nor cared for, with no evidence of any recognition of his claim by the land officers, save in its rejection. Between parties thus circumstanced justice would seem to demand that he who planted should have the benefit of the crop.

But further, the land office receipt, under our law of evidence, was sufficient proof of title in Degman to enable him to defend successfully his possession of the land, and whatever he had grown thereon, as against the mere naked claim of superior right presented by Kinney.

Sec. 411 of the code of civil procedure, Comp. Stat. 583, provides that: " The usual duplicate receipt of the receiver of any land office, or, if that be lost or destroyed, or beyond the reach of the party, the certificate of such receiver, that the books of his office show the sale of a tract of land to a certain individual, is proof of title equivalent to a patent against all but the holder of an actual patent."

Another fact, not before noticed, is given by Kinney as a justification for taking the corn, viz : That he notified Degman of his claim to the land, and that if he planted a crop thereon, he, Kinney, "would gather it." This notification, under the circumstances above given, was of no consequence. It neither benefited Kinney, nor prejudiced Degman on the question of the ownership of the corn. Degman's interest did not depend upon a want of notice of Kinney's claim of ownership at all, it rested upon his own right under the law as evidenced by the receiver's receipt, which he held. The action of the land officers in rejecting the claim of Kinney and accepting that of Degman is not subject to question in this collateral controversy. The judgment of the district court is clearly right and must be affirmed.

JUDGMENT AFFIRMED.

MAXWELL, J., dissented.