BYRON STREETER, PLAINTIFF IN ERROR, V. JOHN T. ROLPH, DEFENDANT IN ERROR.

Public Lands of United States: FORCIBLE ENTRY AND DETENTION.   One S, in 1871 entered a tract of land as a homestead under the United States statute.   In 1876 he made final proof and has resided on the land since 1871 claiming the same. After S. made final proof the commissioner of the general land office, without notice, on his own motion, cancelled the entry of S., upon the ground that a filing had been made thereon in 1863 which was uncancelled.   In 1881, R. entered the land as a timber culture claim and sought to evict S. by an action of forcible entry.   *Held,* That the action would not lie.

ERROR to the district court for Butler county. Tried below before POST, J.

*Matt Miller* and *Phelps & Thomas*, for plaintiff in error, cited *Johnson v. Towsley*, 2 Neb., 484. 13 Wall., 72.

*Russell & Chambers* and *J. C. Roberts*, for defendant in error, cited *Randall v. Falkner*, 41 Cal., 242. *Wilson v. Shackleford*, Id., 630. *Kinney v. Degman*, 12 Neb., 237.

MAXWELL, J.

This is an action of forcible entry and detention by Rolph against Streeter, to recover the possession of the west half of the northwest quarter of section one in town 16, range 3 east, in Butler county. Judgment was rendered in the county court in favor of Rolph, which was affirmed in the district court. It appears from the record that in 1871 Streeter settled upon the land in question and entered the same as a homestead; that in 1876 he made final proof, which entitled him to a patent from the United States, and that he has been continuously in possession of this land for ten years. It also appears that near the close of the year 1876 the commissioner of the general land office attempted to cancel the entry of the plaintiff in error, upon the ground that one Green, in 1863, entered the land as a homestead. This so-called homestead, under which nothing had been claimed for twelve or thirteen years, when the statute requires final proof to be made in seven, is treated by the commissioner as valid, and an entry and settlement, otherwise fair, are sought to be set aside and held for naught. And this, too, without any contest or claim of right under the so-called entry. Whether that officer possessed this right or not, is not before the court, but the lands were public lands and open to settlement under the homestead laws, and the plaintiff in error was permitted to enter the same as a

homestead and was required to live the full statutory pe-
riod of five years and make improvements thereon. It
hardly seems possible that a filing made thirteen years be-
fore, under which no rights were claimed, could defeat this
settlement, nor should he be permitted to sustain injury
from the default of the General Land Office.

In any event, the plaintiff in error has rights in the land
itself which can only be determined in a proper action in
a court of general jurisdiction. The defendant in error en-
tered the land as a timber claim in 1881, and claims the
land under his certificate of entry. Both parties thus
claiming the land itself, forcible entry will not lie. The
case differs from that of *Kinney v. Degman*, 12 Neb., 237.
In that case it was held that a party having entered a tract
of land as a homestead, and having planted and raised a
crop thereon, was, as against a party claiming the land as a
pre-emptor, entitled to the crop. In other words, he that
planted should reap. But that case has no application to
the one at bar. The judgment of the district court and
also of the county court is reversed and the case dis-
missed.

REVERSED AND DISMISSED.