## Philip Andres et al. v. W. H. Kridler.

Filed November 5, 1896.   No. 6284.

1. **Courts: Rules: Review.** Courts of general jurisdiction possess inherent power to make and enforce needful rules for the transaction of business before them, and in the absence of a clear abuse of such power their discretion in that regard will not be controlled by courts of appellate jurisdiction.

2. **Review: New Trial: Assignments of Error.** Rulings, except such as are made during the trial of a cause, to be available as grounds for the reversal of the judgment by proceedings in error, should be specially assigned in the motion for a new trial.

Rehearing of case reported in 47 Neb., 585.

*Charles W. Haller*, for plaintiffs in error.

*John P. Breen, contra.*

Post, C. J.

In addition to the facts appearing from the opinion heretofore filed in this cause (*Andres v. Kridler*, 47 Neb., 585), it is necessary upon this hearing to notice the showing made by plaintiffs in error in support of their motion below for a new trial. It appears from the affidavits so filed, and is not disputed, that during the afternoon of November 4, 1892, this cause, with others, was, in accordance with the rules of the district court for Douglas county, set for trial on November 7, following, before Judge Scott, in court room No. 3 of said county; that according to the assignment thus made said cause was preceded by several others, so that it was the eighteenth in number for trial on the day last named. In addition to the foregoing, Mr. Haller, counsel for plaintiffs in error, testified to his familiarity with the course of business in the court below, and that the probability of said cause being reached on the day named was, owing to its position on Judge Scott's calendar, too remote to justify the

attendance of plaintiffs in error or their said attorney in anticipation of a trial on said day, and that the fact that it was called for trial during their absence was due to the unexpected continuance of a number of cases preceding it on said list. There had also been, as shown by said affidavits, some talk by the parties of a settlement of the controversy, by reason of which, as claimed, plaintiffs in error had neglected to prepare for trial at the time set therefor. To the first contention a sufficient answer is that the cause was set down and noticed for trial in accordance with the rules of the district court, and was reached for trial and disposed of in its order.

Courts of record possess inherent power to make and enforce the rules necessary for the transaction of business before them, and it is only in cases where there is a clear abuse of such power that their discretion in that regard will be invaded or controlled by courts in the exercise of appellate jurisdiction. There is in this record nothing whatever to suggest an abuse of the discretion conferred upon the trial court or extraordinary hardship to the plaintiffs in error. Nor does the evidence, which is conflicting, warrant interference by this court on the ground that plaintiffs in error were induced to make default by reason of the pending negotiations for settlement.

It is further contended that the cause was not at issue when reached for trial on the 7th day of November, at which time the defendant in error, as plaintiff below, was by the court permitted to file a reply denying the allegations of the several answers. But the action of the court in allowing the plaintiff below to join issue by reply after the cause had been reached in its order is not distinctly presented either by the motion for a new trial or the petition in error, and is accordingly not available as a ground for the reversal of the judgment assailed by means of this proceeding. The judgment of the district court will be affirmed upon the filing of a remittitur in the amount and within the time specified in the former opinion.

JUDGMENT ACCORDINGLY.