GROTH and another, Respondents, vs. CENTRAL VEREIN DER GEGENSEITIGEN UNTERSTUETZUNGS GESELLSCHAFT GERMANIA, Appellant.

*December 21, 1896 — February 2, 1897.*

*Benefit society: Change of beneficiary: Corporation: Life insurance.*

1. A corporation, organized under sec. 1771, S. & B. Ann. Stats., for the purpose, as expressed in its articles of incorporation, of "mutual aid in case of sickness, accident, and death of its members, or their families, . . . without capital stock, and organized solely for benevolent and charitable purposes, and no dividend or pecuniary profits shall ever be made or declared; " and by its constitution declaring its object to be " to associate all male persons of good character who are sociably acceptable, and to the best of its ability provide their relatives with material and moral aid; to establish a relief fund for the benefit of its sick members; to establish a fund out of which there shall be paid, upon sufficient proof of the death of a member in good standing, . . . a sum of not exceeding $2,000 to the heirs as directed by the member," has no authority, either under the statute, or under its articles of incorporation or its constitution, to issue a benefit certificate payable to a person who is neither of kindred to nor a member of the family of the member to whom it is issued.

2. An attempt by a member of such a society, to whom a certificate had been issued in favor of his parents, to substitute as beneficiaries strangers to whom he was indebted for care in sickness, but who were not of kindred to him or members of his family, being contrary to the statute and to the articles of incorporation of such society, was null and void, and constituted no consideration for the surrender of such certificate, nor did the surrender and cancellation thereof relieve the society from liability to the parents.

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Affirmed.*

The case is sufficiently stated in the opinion.

For the appellant there were briefs by *Fiebing & Killilea,* and oral argument by *O. J. Fiebing.* They argued that the intention of the deceased member as to who should be beneficiary ought to govern; that the promise to pay to the person designated in the first certificate was conditioned

Groth and another vs. Central Verein G. U. G. Germania.

that the member had not otherwise disposed thereof, and that in this case he had disposed of it and received another, and that, in such a case, the beneficiary had no interest, and no standing to contest the validity of the change. If such change was ineffectual, there was no person entitled to the benefit, and it lapsed to the society. Niblack, Ben. Soc. & Acc. Ins. 32, 272, 340, 412, 418; *Martin v. Stubbings,* 126 Ill. 387; *Clark v. Durand,* 12 Wis. 223, 233; *Hellenberg v. Dist. No. 1 I. O. B. B.* 94 N. Y. 580, 585; *Ballou v. Gile,* 50 Wis. 614; *Renner v. Supreme Lodge B. S. B. Soc.* 89 id. 401, 404. The member holding the certificate had the same right to assign it as had the holder of a life policy, with the assent of the society. *Bursinger v. Bank of Watertown,* 67 Wis. 75, 81, and cases there cited; *Estate of Breitung,* 78 id. 33, 35; *Brown v. Mansur,* 64 N. H. 39; *Eastman v. Provident M. R. Asso.* 62 id. 555; *Maneely v. Knights of Birmingham,* 115 Pa. St. 305; *Mitchell v. Grand Lodge I. K. of H.* 70 Iowa, 360; *Walter v. Henzel,* 42 Minn. 204. There is nothing in the statutes or in the constitution of the society prohibiting such a change of beneficiary, and if there was in the latter the society could waive it. *Morrison v. Wis. O. F. M. L. Ins. Co.* 59 Wis. 162, 169; *McCoy N. W. Mut. R. Asso.* 92 Wis. 577, 583.

For the respondents there was a brief by *Krez, Kellogg & Krez,* and oral argument by *Conrad Krez.* They contended, *inter alia,* that to allow a member to dispose of his certificate for the benefit of creditors was not only to assume the powers of a life insurance company, but to deprive the heirs of a member of the aid intended for them; and for both reasons its acts would be *ultra vires* and void. *Ballou v. Gile,* 50 Wis. 614; *Britton v. Supreme Council R. A.* 46 N. J. Eq. 102; *S. C.* 19 Am. St. Rep. 376.

CASSODAY, C. J. Our statutes authorize the formation of a corporation in the manner therein prescribed, "for the mut-

ual support of the members, their families or kindred, in case of sickness, misfortune, poverty or death; or for contributing to the burial of the dead." S. & B. Ann. Stats. sec. 1771. By virtue of such authority, the defendant was duly incorporated July 17, 1888. The articles of incorporation provided, among other things, " that we do hereby associate for the purpose of forming a corporation under the said Revised Statutes, and the various acts amendatory thereof, for the purpose of mutual aid, in cases of sickness, accident, and death, of its members or their families. . . . Said corporation is formed without capital stock, and organized exclusively for benevolent and charitable purposes, and no dividend or pecuniary profits shall ever be made or declared by such corporation to its members." Its constitution declared it to be the object of the corporation " to associate all male persons of good character who are sociably acceptable, and to the best ability provide their relatives with material and moral aid; to establish a relief fund for the benefit of its sick members; to establish a fund out of which there shall be paid, upon sufficient proof of the death of a member in good standing, who has complied with all lawful regulations, a sum of not exceeding $2,000 to the heirs, as directed by the member."

January 2, 1893, Paul Groth became a member of the organization, and received a certificate of membership therefrom, to the effect that the defendant thereby promised and bound itself to pay a sum of not exceeding $2,000 to *Karl Groth* and wife, his parents, in conformity with the laws of the organization, after sufficient proof of the death of said member, and upon the return of the certificate, provided that said member is of good standing in the organization at the time of his death, and that this certificate has not been returned by said member and another issued according to the laws of the association. November 28, 1894, Paul Groth delivered such certificate to the defendant, with the written request

to issue to him a new one, and payable to William Froderman and wife. Thereupon, and on December 22, 1894, the defendant issued to Paul Groth a new death benefit certificate, wherein it, in effect, promised and bound itself to pay a sum of not exceeding $2,000 to William Froderman and wife, after sufficient proof of the death of said member, and upon the return of that certificate, with a proviso as in the other certificate.

January 6, 1895, Paul Groth died; and after satisfactory proofs of such death having been made, and on August 15, 1895, the plaintiffs named in the certificate of January 2, 1893, as beneficiaries, commenced this action to recover the amount due upon the promise and agreement contained in that certificate. The defendant answered to the effect that Paul Groth has surrendered such old certificate, and duly accepted a new certificate issued to him instead thereof, designating William Froderman and wife as beneficiaries; and that the defendant had paid unto and settled with William Froderman and wife for the whole amount of such claim. At the close of the trial, and with the consent of the parties, the court directed a verdict for the plaintiffs, with the understanding and agreement that the court would hear the question of law discussed by the parties, and, upon that hearing, the court might either set aside the verdict and render one in favor of the defendant, or affirm the verdict and direct a judgment in favor of the plaintiffs, as he might see fit, or set aside the verdict and grant a new trial. Thereupon, after hearing the questions of law discussed, the court affirmed such verdict and directed a judgment in favor of the plaintiffs, and from the judgment entered thereon the defendant brings this appeal.

It was admitted on the trial that Paul Groth was, at the time of his death, twenty-nine years of age and unmarried, and that William Froderman and wife were in no way related to him by blood or marriage. The only reason given

Groth and another vs. Central Verein G. U. G. Germania.

for surrendering the old certificate and issuing the new one is that Paul was sick at the house of William Froderman; that he had asked aid of his parents, the plaintiffs, and that they had refused to grant the same; and that he had become so indebted to Froderman that he had, by such certificate, secured him in case something should happen to himself.

Under the section of the statute cited, and the articles of incorporation and the constitution of the defendant, it is manifest that there was no authority for issuing the new certificate to persons who were neither kindred of his nor members of his family. The fact that Paul was sick and wanted aid, as indicated, would have justified him in applying to the defendant for aid; and then, under the contract, the defendant would probably have aided him. But no such aid was asked for, or given. The liability of the defendant upon the death of Paul is conceded. The fact that the plaintiffs were the parents of Paul and named as beneficiaries in the first certificate is conceded.

The attempt to substitute strangers as beneficiaries in place of the parents was contrary to the statute and articles of incorporation, and hence was null and void, and constituted no consideration for the alleged surrender of the old certificate. *Grace v. N. W. Mut. R. Asso.* 87 Wis. 562, and cases there cited; *Renner v. Supreme Lodge B. S. B. Soc.* 89 Wis. 401; Niblack, Ben. Soc. & Acc. Ins. § 158.

*By the Court.*— The judgment of the superior court of Milwaukee county is affirmed.