CHARLOTTE A. COCHRAN ET AL. V. PHILADELPHIA MORTGAGE & TRUST COMPANY.

FILED OCTOBER 7, 1903. No. 13,036.

1. **New Trial: NOTICE: COURT RULES.** A failure to give one day's notice in writing of the hearing on a motion for a new trial, as provided for in the rules governing the district court for Douglas county, will not *ipso facto* render the ruling of the trial court on such motion erroneous, requiring the reversal of the judgment; but in this court the inquiry will be, whether the trial court should have allowed or denied the motion.

2. **Lease: DEFAULT: ACTION: NOTICE.** Under a lease containing the provision that if the rent, or any part thereof, shall be in arrears and unpaid at any time, it shall be lawful for the landlord to retake possession without any formal notice, a right to maintain an action of detention accrues after default and statutory notice to the tenant.

3. **Forfeiture: WAIVER.** A tenant who held possession of premises under a lease providing for the payment of $15 rental, payable on the 12th day of each month in advance, was thirteen months in default. He sent a check for $15 by mail to the agent of the landlord, unaccompanied by letter of explanation or instruction, and in abbreviated terms on the face of the check wrote, "1 mo. rent, 1021 S. 36 St., to Apl. 25, '02." The check was cashed and the money applied on the past due rent. In an action to dispossess the tenant, commenced before the expiration of the period indicated on the face of the check, *held*, that the acceptance and retention by the landlord of the check, did not

waive the forfeiture, in the absence of a showing that the land-lord or his agent received the check with actual knowledge of the proposed limitation in its application.

4. **Evidence.** Evidence examined, and *held* that a peremptory instruction for plaintiff was properly given.

ERROR to the district court for Douglas county: GEORGE W. STUBBS, JUDGE. *Affirmed.*

*J. L. Kaley* and *H. E. Cochran,* for plaintiff in error.

*Wharton & Baird & Sons, contra.*

KIRKPATRICK, C.

On May 5, 1902, the Philadelphia Mortgage & Trust Company, defendant in error, filed in the county court of Douglas county its complaint in an action of detention brought to recover possession of certain premises owned by it in the city of Omaha, plaintiffs in error, who were tenants thereon, being made defendants. The complaint was in the ordinary form, alleging ownership, the possession of the defendants at an agreed rental of $15 a month, payable on the 12th of each month, their default from March 12, 1901, to April 12, 1902, service of notice to quit and demand for possession, with prayer for judgment. There was judgment for defendant in error, and the cause was removed to the district court, where there was a trial to the court and a jury. After hearing the evidence, the court, on motion of defendant in error, instructed the jury to return a verdict for it, and a motion for a new trial being overruled, the cause is presented to this court for review.

It is shown by the record that plaintiffs in error originally went into possession of the premises under a lease dated October 20, 1899, which provided for a rental of $15, payable monthly in advance on the 12th day of each month. The lease contained a provision that in default of payment of rent in accordance with the terms of the lease, it should be lawful for the lessor or his agent, without

formal notice or demand, to re-enter and take possession. It appears that the tenants were in default for many months, and various attempts were made to collect the rent due, and finally this action was instituted. Defendant in error dealt with plaintiffs in error through its agent, Brennan Love Company. Other facts will appear in the consideration of the several reasons urged why the judgment should be reversed.

It is made to appear that, at the time the motion for a new trial was ruled on by the trial court, plaintiffs in error were not present in court either in person or by attorney, and that no notice was served on them as to the time when the motion would come on for hearing, in seeming contravention of sections 2 and 3 of the rules of the district court for Douglas county, which are made a part of this bill of exceptions, providing for one day's notice in writing of the hearing of a motion. Counsel for plaintiffs in error contend that in this action of the trial court there is such error as requires the reversal of the judgment without further inquiry into the merits of the case made. On the contrary, we think the judgment can not be reversed for this reason alone. The enactment and enforcement of rules for the conduct of business is an inherent power of the courts of general jurisdiction (*Andres v. Kridler*, 49 Neb. 535), and while doubtless the rules referred to are of great importance and convenience to litigants and counsel, we do not think that their strict observance in acting upon a motion for a new trial is an essential to the court's jurisdiction. The purpose of a motion for a new trial, is to give the trial court an opportunity to review its own proceedings and to correct its own errors. If the trial court, which has heard the evidence, chooses to rule on the motion without the presence of the applicant, or the assistance that may be rendered in argument of the motion, it would seem that complete justice could be done by presenting the cause on error to this court, where error in the ruling on the motion may be corrected. It would seem to be a vain thing to reverse a judgment, because of

a ruling, otherwise right, merely on the ground that the trial court failed to give an opportunity for argument. We decline, therefore, to sustain the first contention of plaintiffs in error, and will take up for consideration their second contention.

Complaint is made of the insufficiency of the notice to vacate the premises served on plaintiffs in error prior to the commencement of this action. This notice was served on April 16, 1902, and this action was commenced May 5, 1902. The contention made is that section 1021 of the code, defining a tenant holding over his term as one who "has failed, neglected or refused to pay the rent, or any part thereof, when the same was due," is unconstitutional, being in contravention of section 11, article III of the constitution, the subject of the act being broader than its title, and the amendment of 1875 not being germane to the original section. Proceeding upon the theory that this section is unconstitutional, plaintiffs in error contend that mere failure to pay the rent does not make the holding unlawful or a holding over the term, and that the right to terminate the tenancy must be determined by the language of the lease. The lease contained a provision as follows:

"That if such rent or any part thereof shall at any time be in arrears or unpaid, * * * then, * * * it shall be lawful for the party of the first part, * * * without any formal notice or demand, to enter into and upon said premises peaceably to hold and enjoy," etc.

Thus it appears that under the lease, without reference to the provisions of section 1021 of the code, the defendant in error had a right to re-enter in the event of default in payment of rent. The notice given was reasonable, and it would seem that the right to maintain this action can not be doubted.

Whether there was a default at the time of the notice and the commencement of this action, is the next question for consideration, and is involved in the question whether there was error in directing a verdict for defendant in

error. It is contended that there was at least one material question in dispute under the evidence, requiring submission to the jury. It appears that before the notice to quit was served the plaintiffs in error had sent to the agent of defendant in error a check for $15, which appears in the record as follows:

"Omaha, March 25, 1902. Commercial National Bank, of Omaha. Pay to the order of Brennan Love Co. Fifteen & No-100 Dollars. 1 Mo. rent 1021 S. 36 St. to Apl. 25, '02. H. E. Cochran."

There was an effort made by defendant in error at the trial to show that this notation on the check was not there at the time of its receipt, but was put on afterwards. Inasmuch as the case was taken from the jury, this disputed question must be resolved in favor of plaintiffs in error, and the inquiry accordingly is whether the receipt and retention of this check constituted a new contract covering the period designated on the face of the check, so that during that period plaintiffs in error were not in default. Such is the contention now made.

H. E. Cochran testified that he wrote the check; that at the time he was in default for twelve months' rent; that he was well aware of this long default; that his purpose in putting the notation on the check was that if it were accepted, there would be no default during that period. His evidence also shows that many efforts were made by defendant in error through its agent to collect the delinquent rent, and that he had from time to time paid sums ranging from $164 to $5, and that in sending this check he did so by mail, inclosing it in an envelope, without any letter of explanation or instruction. The testimony of defendant in error shows that the check was received in the ordinary course of business, was handled alone by a young woman in charge of that department, was cashed and the amount thereof applied on the account against plaintiffs in error. It is now contended that the acceptance and retention of this check, with its notation, has the effect, not only to waive any prior for-

feiture, but to create a new tenancy commencing and ending on a different day of the month, plaintiffs in error invoking the rule that by the acceptance of rent, the landlord waives a prior forfeiture, and that the debtor has the right to dictate the application to be made of a payment. Both rules are well settled, but we do not think plaintiffs in error are in a position to be benefited by their application. Cochran does not claim that he directed the amount to be applied in payment of rent for the current month, but the notation itself shows an effort or intention to carve out a new month commencing on the 25th, a date entirely unknown to the existing and recognized tenancy. Whatever the holding might be if the tenant, in express terms brought to the attention of the landlord, directs that the amount of one month's rent tendered be applied on the last or current month under the lease, and upon no other, and the amount is accepted, it would be clearly unreasonable to hold that such a notation upon a check could abrogate the contractual relations of the parties as existing and create a new tenancy upon different terms.

But it is manifest to us that the placing of this notation upon the check was an attempt to set a trap in which it was sought to catch the agent of defendant in error. Under Cochran's own testimony, it amounted to his saying, "I am in default for twelve months' rent, but by means of this check, without letter of explanation or any act to challenge attention to what I am doing, I will limit the application of the amount to the present month."

There is nothing in the evidence to indicate that this payment would have been received upon the express condition, brought to the notice of defendant in error, that it was to apply otherwise than on the large indebtedness already past due. While, doubtless, a notation on a check stating the purpose for which it is sent may be notice to the payee, checks are not intended to be used as a means of creating contracts, and should it be held that the drawer of a check may, by abbreviated notations thereon entirely foreign to the legitimate functions of such an in-

strument, change or abrogate existing contracts, checks would become dangerous to the commercial world, whereby the payee might be drawn into a pitfall and lose valuable rights. The one case cited and relied on by plaintiffs in error is we think sufficient to indicate what the holding herein ought to be. *Prindle v. Andersen*, 19 Wend. (N. Y.) 391. Our understanding of that decision is that it is only when the landlord knowingly receives the payment, being aware of the conditions under which the tenant tenders it, that he will be held to have waived the forfeiture. In the case at bar, it is apparent that no contract for a new tenancy covering the month indicated in the check was ever in fact made, and we are of opinion that, in the absence of a showing that the notation on the check in question was brought to the actual knowledge of the landlord or his agent, its application upon the past due rent, and not for the period indicated, was within the right of defendant in error, and that there was no waiver, plaintiffs in error being in default at the time of the commencement of this action. The verdict for defendant in error was properly directed. It is therefore recommended that the judgment be affirmed.

DUFFIE and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.