CAROLINE WEATHERFORD v. UNION PACIFIC RAILROAD COMPANY.

FILED JUNE 22, 1905.  No. 13,434.

1. Forcible Entry and Detainer: LIMITATION OF ACTIONS. A grantee of real estate occupied by a third person acquires no greater rights against the occupier than his grantor had. If the right to bring an action of forcible entry and detention is barred as against the grantor, so likewise is it as against the grantee.

2. Point Disapproved. Paragraph 3 of syllabus in the former opinion, 5 Neb. (Unof.) 464, disapproved.

ERROR to the district court for Douglas county: WILLARD W. SLABAUGH, JUDGE. *Reversed.*

*I. J. Dunn,* for plaintiff in error.

*John N. Baldwin* and *Edson Rich, contra.*

LETTON, C.

The former opinion in this case was not officially reported, but may be found in 5 Neb. (Unof.) 464. A rehearing was granted for further consideration of the contention of plaintiff in error that an action of forcible entry and detainer was barred by section 8 of the code. The facts in the record necessary to a determination of this question are: That the defendant in the court below had been in possession as a squatter on a portion of one of the streets of the city of Omaha for about six years prior to the amendment of section 6 of the code in 1899; that subsequent to this amendment the city of Omaha conveyed the portion of the street in controversy by deed to the plaintiff, Union Pacific Railroad Company; that, after the receipt of the deed by the plaintiff from the city, it served in writing on the defendant a three days' notice to quit, which substantially complied with the provisions of section 1022 of the code. In about thirty days after the service of this notice, plaintiff below commenced its action against the defendant in forcible entry and detainer. The contention of plaintiff in error and defendant below is that the right to maintain the action of forcible entry and detainer accrued to the city of Omaha immediately on defendant's taking unlawful possession of the portion of the street in controversy, and that, as more than one year has elapsed since this right of action accrued to the city, it is barred by the provisions of section 8, *supra*, from maintaining this form of action, and that the railroad company by its deed from the city could take no greater right than the city had against the intruding defendant.

We believe that plaintiff in error is right in her contention that the grantee stands in the shoes of the grantor, and has acquired only such rights of action against her by reason of the deed as could have been enforced by the city of Omaha.

The city could have brought its action for forcible entry

and detention as soon as the defendant wrongfully took possession of the street without its consent. This was in 1893. Its right to maintain this action under the statute accrued at that time, and might be exercised at any time before the expiration of one year. The object of the short period given in which to maintain this action apparently is to compel parties to settle disputes with regard to the occupancy of real estate in which no question of title is involved in a summary manner in justices' courts, so that the dockets of other courts may not be occupied by such disputes, which are often of a trivial and petty character. If the city neglected to bring this action within one year, it would then be compelled to resort to the district court and to bring an action of ejectment. The defendant was in possession of this property at the time that the railroad company acquired title from the city. The company took the same with full knowledge of the defendant's rights, and could acquire no better title against the defendant than the city itself had. It would be a strange thing, indeed, if by the transfer of title to real estate the grantee could acquire greater rights against an occupying claimant than the original owner. The railroad company stands in the shoes of the city, and it can maintain no action against the defendant which was barred as against its grantor at the time it acquired the title.

The defendant claims title by adverse possession. We are of the opinion that under the conceded facts this defense cannot be successfully maintained. It is clear that the statute of limitations has not run in favor of the defendant, since the time which it has held adversely to the railroad company cannot be tacked to the time during which she held possession adversely as against the city, prior to the enactment of the statute of 1899. The enactment of that law stopped the running of the statute, and created a hiatus in her adverse holding. The statute only began to run against the railroad company at the time it acquired the title to the premises. This question, however, cannot be litigated in an action of forcible entry and

detainer. If it appears that the defense of title is made in good faith, the action should be dismissed; but the fact that a defendant interposes a baseless defense will not oust the court of jurisdiction in such a case. *Smith v. Kaiser,* 17 Neb. 184; *Leach v. Sutphen,* 11 Neb. 527; *Streeter v. Rolph,* 13 Neb. 388.

For the reason that the action of forcible entry was barred by the statute of limitations before this action was commenced, we recommend that the judgment of the district court be reversed.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

REVERSED.