SIMON B. CLARK V. TUKEY LAND COMPANY.

FILED DECEMBER 20, 1905. No. 13,978.

1. **Forcible Entry and Detainer: JURISDICTION.** A purely specious claim of ownership will not oust the jurisdiction of a justice of the peace in an action of forcible entry and detainer.

2. Tenancy at Sufferance: How TERMINATED. When a tenant from month to month makes default in the payment of the rent reserved and holds over after such default, his occupancy is that of tenant at sufferance, and such tenancy may be terminated by the landlord by service of the statutory notice of three days to quit the possession.

3. The statute of limitations against an action of forcible entry and detainer against a tenant holding at sufferance begins to run against the landlord on the termination of the tenancy.

4. Case Distinguished. *Weatherford v. Union P. R. Co.*, 74 Neb. 229, examined and distinguished.

ERROR to the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*J. S. Miller,* for plaintiff in error.

*Charles A. Goss, contra.*

OLDHAM, C.

This was an action in forcible entry and detainer, originally instituted before a justice of the peace of Douglas county, Nebraska, and removed by appeal to the district court for said county, where a jury was waived, trial had to the court, and judgment entered for the plaintiff. To reverse this judgment defendant brings eror to this court.

Three reasons are alleged for reversal of this judgment. The first one is that the defendant in the court below occupied the premises under a contract of purchase, and not as a tenant of the plaintiff, and therefore the action of unlawful detainer would not lie. The second reason urged is that, if the defendant below was a tenant from month to month, his rent had been in arrears for more than a year before any notice to quit was served, and, consequently, the action was barred by the statute of limitations. The third reason alleged is that, if defendant below was a tenant of the plaintiff, he was a tenant from year to year, and not from month to month, and, consequently, his tenancy could only be terminated by a six months' notice, which was not given.

With reference to the first defense, it is sufficient to say that, under the testimony in the record, defendant's claim of ownership is plainly and purely specious. Plaintiff below was the record owner of the property, and the defendant had been paying rent for the property at the rate of $5 a month for a long time before the action was instituted. The trial court was therefore fully justified in holding that defendant below was in possession of the premises as a tenant, and not under any *bona fide* claim of ownership.

The claim that the action is barred by the statute of limitations is based on the proposition that a tenancy from month to month is terminated as soon as a tenant refuses or neglects to pay the rent reserved each month of the tenancy. The trouble with this contention is that, when a tenancy from month to month is terminated for default in the payment of the rent reserved, the tenant may still occupy the premises by permission of the landlord as a tenant by sufferance until the formal statutory notice of three days to quit possession has been served upon him. And where the tenant remains in possession of the premises under such permissive sufferance, the statute of limitations against an action of forcible entry and detainer does not begin to run until such formal notice to quit has been served by the landlord. At common law a tenant at sufferance was not entitled to a notice to quit, but under our statute the formal notice of three days must be served as part of the procedure in an action of forcible entry and detainer. *Moran v. Moran,* 54 Kan. 270. What is here said in nowise conflicts with the recent decision of this court in *Weatherford v. Union P. R. Co.,* 74 Neb. 229. In this latter case the relation of landlord and tenant never existed between the parties to the action, but, on the contrary, the holding had been adverse to plaintiff and its grantors from the time of the entry.

With reference to the third contention that defendant below was a tenant from year to year, and not from month to month, it is sufficient to say that there is neither a

fact nor a circumstance shown by the record from which such a tenancy could be inferred.

We therefore recommend that the judgment of the district court be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.