AGNES KRULL, APPELLEE, V. EDEN A. ROSE, APPELLANT.

FILED FEBRUARY 28, 1911.  No. 16,240.

1. **Landlord and Tenant:** HOLDING OVER.  If a tenant under a written
   lease for the term of three years holds over 45 days after the ex-
   piration of his term without the consent of the landlord, he will
   not become a tenant from year to year, unless the landlord has
   recognized him as tenant while so holding over.

2. ————: NOTICE TO QUIT.  The notice to quit prescribed by the statute
   of forcible entry and detainer is not for the purpose of termina-
   ting the tenancy, but is rather preliminary to the action for re-
   covering possession, and is properly given after the right of action
   has accrued.

APPEAL from the district court for Thurston county:
GUY T. GRAVES, JUDGE.  *Affirmed.*

*J. A. Singhaus* and *F. S. Howell,* for appellant.

*O. C. Anderson, H. L. Keefe* and *F. Dolezal, contra.*

SEDGWICK, J.

The defendant had possession of the land in question
under a lease for a term of three years which ended on the
1st day of January, 1906.  He failed to surrender posses-
sion of the premises at the end of his term, and in Febru-
ary, following, this action of forcible entry and detainer
was begun in the justice court by the landlord to recover
possession of the land.  The action was appealed to the
district court and there tried, and judgment entered in
favor of the plaintiff, and the defendant appeals.

The position of the defendant, as we under stand it in
the brief, appears to be that, having held over his term
for about 45 days before the notice to quit was served
upon him, he must be considered as a tenant from year to
year, and that such tenancy cannot be terminated without
the six months' notice.  "Where a tenant for a year re-
mains in possession over his term, and is recognized as a

tenant by the landlord, and no new contract is shown, he becomes a tenant from year to year." *Montgomery v. Willis,* 45 Neb. 434. That is, when a term stipulated in a written lease for a year has ended, and the landlord recognizes him as tenant thereafter by receiving rent or in any other way, showing that both parties regard the relation of landlord and tenant as still continuing, and there is no further agreement as to the terms of the tenancy, defendant is to be considered as holding for another term upon the same conditions as specified in the original lease. In this case the landlord did not recognize him as tenant in any way after the term expired, and there is, of course, no presumption that the parties had agreed that the same relation of landlord and tenant should continue for another year.

The three days' notice to quit prescribed by the statute of forcible entry and detainer is not required for the purpose of terminating the lease. The lease has already ended by its own terms and would not need any notice to terminate it. This three days' notice is a part of the proceeding to obtain possession when a tenant is wrongfully holding over after his term has expired. This notice is usually given after the right of action accrues, and three days before the complaint is filed with the justice.

The judgment of the district court is right, and is

AFFIRMED.