FEDERAL TRUST COMPANY, APPELLEE, V. JESSE L. OVERLANDER, APPELLANT.

FILED MARCH 8, 1929. No. 26463.

*John S. Bishop,* for appellant.

*John J. Ledwith, contra.*

Heard before Goss, C. J., Dean, Good and Day, JJ., and Redick, District Judge.

Redick, District Judge.

Action in forcible detention. Appellant, Overlander, was the owner of an undivided one-half of the land in dispute, title to which was acquired by appellee by foreclosure sale April 28, 1925. The other undivided one-half was owned by appellant's daughter. Appellee acquired the full title February 19, 1926. February 7, 1927, appellee served on appellant a three days' notice to quit, and commenced this action February 24, 1927. Prior to foreclosure sale, appellant was in rightful possession of the premises and has remained in possession ever since. Appellee had judgment in court below, and appellant appeals.

The only question presented is the statute of limitations of one year. Appellant claims that the cause of action accrued February 19, 1926, when appellee acquired full title, and that therefore the action is barred. Appellant by remaining in possession under the above circumstances was a tenant in sufferance, and the case is controlled by *Clark v. Tukey Land Co.*, 75 Neb. 326, holding that such a tenancy may be terminated by the statutory notice of three days to quit, and that the statute of limitations begins to run from the time of such termination, and distinguishing *Weatherford v. Union P. R. Co.*, 74 Neb. 229, upon which appellant relies. We have not overlooked the case of *Krull v. Rose,* 88 Neb. 655, syllabus 2 of which says that the notice to quit is not for the purpose of terminating the tenancy. The language of the opinion, however, is that such notice "is not required for the purpose of terminating the lease," and in that case there was a lease for a determinate period of three years, which the court held ended the lease by its own terms.

The judgment of the lower court will be affirmed on the authority of *Clark v. Tukey Land Co., supra.*

Affirmed.