TIMOTHY J. OTTO, PERSONAL REPRESENTATIVE OF THE ESTATE OF MARVEL F. WOODSIDE, DECEASED, APPELLEE, V. HONGSERMEIER FARMS, INC., A NEBRASKA CORPORATION, APPELLANT.

348 N.W.2d 422

Filed April 20, 1984. Nos. 83-253, 83-331.

John S. Mingus of Mingus & Mingus, for appellant.

James A. Beltzer of Luebs, Dowding, Beltzer, Leininger, Smith & Busick, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This action started as one suit for forcible entry and detainer to recover the possession of approximately 320 acres of farmland. Plaintiff below and appellee here is Timothy J. Otto, the personal representative of the estate of Marvel F. Woodside. The defendant below and appellant here is the Hongsermeier Farms, Inc. Since the appellant has filed two notices of appeal in this court, the first after the district court's order on the merits and the second following the district court's order overruling appellant's motion for new trial, a single case has been twice docketed. In any event, the cases were consolidated for purposes of this appeal.

A jury trial was demanded in the county court, and at the conclusion of all the evidence the county court sustained appellee's motion for a directed verdict and ordered restitution of the premises. Hongsermeier Farms, Inc., appealed to the district court, which affirmed the county court's decision. Appellant here assigns numerous errors, but the same involve basically the following three questions: (1) Whether a county court in an action for forcible

entry and detainer has the authority to direct a verdict. (2) Presuming the county court had authority to direct a verdict in a forcible entry and detainer action, did the county court err in determining that the plaintiff-personal representative was entitled to judgment of restitution of the premises as a matter of law? (3) Whether or not the required bond furnished by the personal representative as a condition of levying of the order of restitution was executed and approved according to law. In view of our disposition of the case, we shall consider only the first two errors.

Actions in forcible entry and detainer in the county and municipal courts are controlled by Neb. Rev. Stat. §§ 24-568 et seq. (Reissue 1979). The present section with respect to a jury trial in a forcible entry and detainer case is § 24-577. It provides:

> If a jury is demanded by either party, the proceedings shall be in all respects as in other cases. If the jury shall find that the complaint is true, they shall render a general verdict of guilty against the defendant; if not true, then a general verdict of not guilty; if true in part, then a verdict setting forth the facts they find true.

The argument advanced by appellant is, essentially, that since the right of a jury trial existed in a forcible entry and detainer action in Nebraska prior to the adoption of the Nebraska Constitution, a constitutional right of trial by jury is preserved for forcible entry and detainer actions. Appellant further contends that the constitutional right to trial by jury necessarily excludes the power of a county court to direct a verdict in a jury trial. Whether this prohibition against a directed verdict extends beyond forcible entry and detainer actions to other civil cases is not detailed by the appellant. Rev. Stat. tit. 30, ch. X, § 1028 (1866), which was in effect at the time of the adoption of the Nebraska Constitution, provided:

> If a jury be demanded by either party, the pro-

ceedings, until the empanneling thereof, shall be in all respects as in other cases. The jury shall be sworn or affirmed, to well and truly try and determine whether the complaint of (naming the plaintiff) about to be laid before them is true according to the evidence. If the jury shall find the complaint true, they shall render a general verdict of guilty against the defendant; if not true, then a general verdict of not guilty; if true in part, then a verdict setting forth the facts they find true.

We said in *Omaha Fire Ins. Co. v. Thompson*, 50 Neb. 580, 584, 70 N.W. 30, 32 (1897), that "[t]he constitutional guaranty of trial by jury (Constitution, art. 1, sec. 6) is that 'The right of trial by jury shall remain inviolate.' That is, the right was not extended by the constitution; it was merely preserved." The appellant seizes on the words, "general verdict of guilty . . . [or] not guilty," found in both the antecedent statute and the present statute, to suggest that the action of forcible entry and detainer is, in fact, a criminal action and not a civil action, and therefore a motion for a directed verdict in favor of a plaintiff could never be appropriate. Aside from the fact that this court has uniformly held that a motion for directed verdict in a forcible entry and detainer action is appropriate, see, *Cochran v. Philadelphia Mortgage & Trust Co.*, 70 Neb. 100, 96 N.W. 1051 (1903); *House v. Lewis*, 108 Neb. 257, 187 N.W. 784 (1922); *Lierman v. Vidra*, 103 Neb. 613, 173 N.W. 575 (1919), there is authority from the general text at 36A C.J.S. *Forcible Entry and Detainer* § 64 at 1035 (1961), which states: "If the evidence is clear and without conflict, the court may direct a verdict by instructing the jury peremptorily to find for the plaintiff or defendant . . . ."

We have further held in *Post v. Bohner*, 23 Neb. 257, 259, 36 N.W. 508, 509 (1888):

"The action of forcible entry and detainer, under the statute, being a civil remedy to recover

the possession of premises unlawfully, and with force, withheld from the plaintiff, it will be sufficient to sustain the charge of forcible detainer, that the party unlawfully in possession refuses to vacate the premises on lawful notice to do so." See, also, *Board of Educational Lands & Funds v. Gillett*, 158 Neb. 558, 64 N.W.2d 105 (1954).

Black's Law Dictionary 336 (5th ed. 1979) defines criminal action as a "Proceeding by which person charged with a crime is brought to trial and either found not guilty or guilty and sentenced. An action, suit, or cause instituted to punish an infraction of the criminal laws." We have no hesitancy, therefore, in holding that an action for forcible entry and detainer is a civil action subject to the normal rules of a civil proceeding, including the power of the court to sustain a motion for a directed verdict in favor of either party at the close of all the evidence.

We next pass to a discussion of the second assignment of error, i.e., whether the evidence, as a matter of law, was sufficient to hold that the plaintiff is entitled to judgment. In considering the second assignment of error we keep in mind that in examining the propriety of an order sustaining a motion for a directed verdict, all controverted facts and all inferences arising from the evidence shall be construed most strictly against the moving party and in favor of the party against whom the verdict was granted. *Kresha v. Kresha*, 216 Neb. 377, 344 N.W.2d 906 (1984). Under the version of the facts most favorable to the appellant, the following appears. The appellant was in possession of the farm real estate under a written lease dated February 28, 1981, and by its terms due to expire on February 28, 1982. The owner of the real estate, one Marvel F. Woodside, passed away on December 27, 1981. Shortly thereafter, the appellant's president was contacted by Timothy J. Otto, an attorney who had drawn the lease and who was named in the will as personal representative of the deceased owner. In that con-

versation appellant urges that the discussion was simply to the effect that the personal representative was directed by the will to sell the farm real estate, that he intended to make successive offers commencing at the highest price, and that the first of said offers would be conveyed to appellant. Appellant acknowledges that some 10 to 12 separate offers were conveyed to him as the price gradually was reduced lacking willing bidders at the higher proffered prices. The appellant did not vacate the premises but held over. On the 23d day of April 1982 the personal representative caused to be served on the appellant a 3-day notice to quit. The appellant testified that he had performed some farmwork after the notification, but did not allege, nor was there proof offered to suggest, that Timothy J. Otto, the personal representative, either knew of the continued preparatory farmwork or consented to it. After the notice was served the appellant disregarded the notice, proceeded to fertilize, held over, and was ousted from the premises during the summer of 1982. Although no authority for the point is cited by appellant in its brief, its argument is obviously directed to the proposition that " '[w]hen a tenant with the consent of his landlord, express or implied, holds over his term, the law presumes a continuation of the original tenancy for another like term and upon the same conditions.' " *Wright v. Barclay*, 151 Neb. 94, 98, 36 N.W.2d 645, 648 (1949). Of what does this consent consist is not shown by the appellant, except to assert, incorrectly, that the mere holdover of days is sufficient to grant such consent. To the contrary is *Krull v. Rose*, 88 Neb. 655, 130 N.W. 272 (1911). Syllabus 1 of that case holds:

> If a tenant under a written lease for the term of three years holds over 45 days after the expiration of his term without the consent of the landlord, he will not become a tenant from year to

year, unless the landlord has recognized him as tenant while so holding over.

The court in *Krull* at 656, 130 N.W. at 272, also held:

[W]hen a term stipulated in a written lease for a year has ended, and the landlord recognizes him as tenant thereafter by receiving rent or in any other way, showing that both parties regard the relation of landlord and tenant as still continuing, and there is no further agreement as to the terms of the tenancy, defendant is to be considered as holding for another term upon the same conditions as specified in the original lease.

In this case the landlord did not recognize appellant as a tenant in any way after the lease term expired, and there is, of course, no presumption that the parties had agreed that the same relation of landlord and tenant should continue for another year. The appellant cites no authority nor have we discovered any that suggests that somehow the continued recognition of the tenancy was accomplished through the offer of sale of the farm premises or by the unauthorized farmwork done after the expiration date of the lease.

There being no basis on which appellant could deny the appellee restitution of the premises under a version of the facts most favorable to the appellant, the appellee-personal representative was entitled to a judgment as a matter of law, and the court correctly directed the jury to so find.

As to the third assignment of error, since the appellee was clearly entitled to possession of the premises, there can be no liability on the bond, and the formality or lack of it concerning the execution and approval of the bond need not be discussed.

The judgment of the trial court is affirmed.

AFFIRMED.