ELSIE STUTHMAN, APPELLEE, V. PAUL STUTHMAN, APPELLANT.

507 N.W.2d 674

Filed November 2, 1993. No. A-92-043.

Paul Stuthman, pro se.

Frank J. Skorupa for appellee.

CONNOLLY, IRWIN, and WRIGHT, Judges.

IRWIN, Judge.

On July 2, 1991, appellee lessor, Elsie Stuthman, filed a petition in the Colfax County Court seeking the return of certain real property in the possession of appellant lessee, Paul Stuthman. On July 23, 1991, the county court found that (1) the parties had originally entered into a farm lease; (2) the lease "terminated by its own terms" on February 28, 1991; (3) the lease had not been extended by the parties; and (4) Elsie had given Paul 3 days' notice to vacate, which had lapsed, and therefore, Elsie was entitled to possession of the property. Paul properly appealed the order of the county court to the Colfax County District Court. On December 23, 1991, the district court found that the lease had expired and that neither party had taken action to extend the lease. Therefore, the district court affirmed the county court's order. Paul subsequently perfected this appeal.

On appeal, Paul essentially asserts that the county court lacked jurisdiction over the proceedings. For reasons other than those put forth by appellant, we reverse the order of the district court affirming the judgment of the county court and direct the district court to remand the cause to the county court for a hearing consistent with this opinion.

## SCOPE OF REVIEW

The issue on appeal is a question of law concerning the rights of a landlord and a tenant under a farm lease. Regarding

questions of law, an appellate court has an obligation to reach a conclusion independent from a trial court's conclusion in a judgment under review. *Young v. Dodge Cty. Bd. of Supervisors*, 242 Neb. 1, 493 N.W.2d 160 (1992); *Huffman v. Huffman*, 232 Neb. 742, 441 N.W.2d 899 (1989).

## STATUTORY INTERPRETATION

The farm lease is present in the record. The parties entered into the lease on March 25, 1990, and by its own terms, the lease was to expire without notice on February 28, 1991, since the parties had specifically waived notice. Paul asserts on appeal, somewhat inelegantly, that the Uniform Residential Landlord and Tenant Act, as it existed on March 25, 1990, Neb. Rev. Stat. §§ 25-21,219 (Reissue 1989) and 76-1401 to 76-1449 (Reissue 1990), is inapplicable to his case because the lease is a farm lease and that therefore the county court did not acquire appropriate jurisdiction over the case. Elsie agrees that the act does not apply to this case, but claims that the "Forcible Entry and Detainer" statutes, § 25-21,219 and Neb. Rev. Stat. §§ 25-21,220 to 25-21,235 (Reissue 1989), provide the county court with jurisdiction and govern the notice requirements to evict a tenant. Elsie further asserts that the prescribed 3 days' notice was given to Paul.

However, § 76-1408 of the act provides: "Unless created to avoid the application of sections 25-21,219 and 76-1401 to 76-1449 [Uniform Residential Landlord and Tenant Act], the following arrangements are *not* governed by sections 25-21,219 and 76-1401 to 76-1449 . . . . (7) Occupancy under a rental agreement covering premises used by the occupant primarily for agricultural purposes." (Emphasis supplied.)

When asked to interpret a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. It is the court's duty to discover, if possible, legislative intent from the statute itself. *NC+ Hybrids v. Growers Seed Assn.*, 219 Neb. 296, 363 N.W.2d 362 (1985). Statutes which effectuate a change in the common law should be strictly construed. *Mason v. Schumacher*, 231 Neb. 929, 439 N.W.2d 61 (1989).

It is clear that if the statutory language in the act is considered in its plain, ordinary, and popular sense, the farm lease at issue in this case is not governed by the rules delineated in the act or in the Forcible Entry and Detainer statutes. Therefore, the outcome of this case depends upon common law, not the act or the Forcible Entry and Detainer statutes.

## EVICTION OF A FARM LEASE TENANT UNDER COMMON LAW

As noted above, the lease expired by its own terms on February 28, 1991. The record contains a "Summons for Restitution of Premises Under Residential Landlord and Tenant Act or Forcible Entry and Detainer" dated July 2, 1991, which gave Paul 3 days' notice to vacate. The county court found that the lease had expired by its own terms, that notice had been given, and that Paul had refused to leave. For these reasons, the county court held that Elsie was entitled to possession of the property. Paul asserts that the county court erred and that the district court erred in affirming the judgment of the county court.

Although Paul, acting pro se, has failed to set out with particularity each error he believes was committed by the county court, it is well recognized that an appellate court always reserves the right to note plain error which was not complained of at trial or on appeal but is plainly evident from the record, and which is of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *In re Interest of D.M.B.*, 240 Neb. 349, 481 N.W.2d 905 (1992); *In re Interest of G.G. et al.*, 237 Neb. 306, 465 N.W.2d 752 (1991). Plain error may be asserted for the first time on appeal or be noted by the appellate court on its own motion. *Katskee v. Nevada Bob's Golf of Neb.*, 238 Neb. 654, 472 N.W.2d 372 (1991).

Nebraska case law has long held that a farm lease which provides a termination date does not automatically expire on that date under all circumstances. *Moudry v. Parkos*, 217 Neb. 521, 349 N.W.2d 387 (1984). See, also, *Fisher v. Stuckey*, 201 Neb. 439, 267 N.W.2d 768 (1978) (stating that the tenant's continuation on the property, as consented to by the landlord,

was sufficient to create a year-to-year tenancy); *Barnes v. Davitt*, 160 Neb. 595, 71 N.W.2d 107 (1955) (stating that the presumption of a year-to-year tenancy arises when the tenant of a farm lease holds over). If a farm lease is created and if after expiration of the term of the lease the tenant remains on the land and is recognized as a tenant by the landlord's receiving rent or in any other way showing that both parties regard the relation of landlord and tenant as continuing, then a year-to-year tenancy is created upon the same conditions as specified in the original lease. See, *Moudry v. Parkos, supra*; *Otto v. Hongsermeier Farms*, 217 Neb. 45, 348 N.W.2d 422 (1984). Concerning a farm lease, a year-to-year tenancy may only be terminated by agreement of the parties or, if the lease does not provide otherwise, by the landlord's giving notice of his or her intent to evict the tenant 6 calendar months before the end of the period that the tenancy commenced. *Sempek v. Minarik*, 200 Neb. 532, 264 N.W.2d 426 (1978).

In the case at bar, the evidence reveals that Elsie and Paul were negotiating a new lease in February 1991. Elsie knew that Paul remained on the property after February 28, during these negotiations. Apparently, the negotiations broke down in May 1991, when Paul refused to sign a new lease which did not include farming the corn cropland. There is authority for the proposition of law that negotiations for a new lease may give rise to a finding that the continuation by the tenant of his occupation of the leased property is with the landlord's consent. See Restatement (Second) of Property § 12.3, comment *k*. (1977).

The county court found that the lease automatically terminated on the expiration date stated in the lease. However, because Elsie and Paul entered into negotiations for a new lease before the termination of the old lease and Paul remained on the land after February 28, 1991, a factual question is raised as to whether or not Paul continued to be recognized as a tenant after the lease terminated. See, *Moudry v. Parkos, supra*; *Otto v. Hongsermeier Farms, supra*. If Paul was recognized as a tenant, then the presumption of a year-to-year tenancy was created and appropriate notice is required to terminate the tenancy.

For these reasons, the district court's order affirming the county court's judgment must be reversed and the cause must be remanded to the district court with directions that the district court remand the cause to the county court to determine if Paul was a holdover tenant.

REVERSED AND REMANDED WITH DIRECTIONS.