STATE OF NEBRASKA ET AL., APPELLANTS, V. CECIL GARDNER, APPELLEE.

56 N. W. 2d 135

Filed December 19, 1952. No. 33268.

*Clarence S. Beck,* Attorney General, *Robert A. Nelson,* and *Lloyd E. Christiansen,* for appellants.

*Bruce K. Lyon* and *Henry W. Curtis,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an action originally instituted in the county court of Chase County by the State of Nebraska, Andrew R. Banks, and Herman F. Banks against Cecil Gardner for the unlawful detention of a tract of school land. Trial was had to the court and there was judgment for the defendant. Plaintiffs thereupon filed a petition in error in the district court for Chase County which, after a hearing, that court dismissed. Plaintiffs thereupon

filed a motion for new trial and perfected this appeal from the overruling thereof.

The action involves the north half of Section 16, Township 7, Range 39 West of the 6th P. M., in Chase County, Nebraska. It is a part of the lands granted to the State of Nebraska under section 7 of the Enabling Act of Congress and is dedicated to be used for the support of the common schools of the state. It is under the control and management of the Board of Educational Lands and Funds which will be hereinafter referred to as the board. See section 1, Article VII, Constitution of Nebraska.

George Banks, Sr., obtained a 25-year lease to all of Section 16, Township 7, Range 39 West of the 6th P. M., Chase County, Nebraska. This lease was executed on December 31, 1924, and expired December 31, 1949. On February 7, 1941, the administrator of the estate of George Banks, Sr., assigned to David Banks, Jr., the lease to the extent of the north half of this section. David Banks, Jr., assigned his interest in the lease to Verna Banks and she assigned it to appellee, Cecil Gardner. This latter assignment was dated September 1, 1949, and made in conjunction with and as part of a sale involving 160 acres of deeded land.

This lease provided: "* * * that at the expiration of twenty-five years from and after the first day of January next ensuing after the date of this lease, or sooner, with the consent of the Board of Educational Lands and Funds, he will peaceably and quietly leave, surrender, and yield up all and snigular (singular) the said lands and premises." By reason of this provision appellee's rights to possession of these lands, under the assignment of the lease covering the north half thereof, ceased as of January 1, 1950.

Within the time prescribed by section 72-240, R. R. S. 1943, the appellee, as of September 9, 1949, made application to the board asking it for a new lease pursuant to and under the authority granted it by section 72-240.01, R. R. S. 1943.

In this respect section 72-234, R. R. S. 1943, provides in part: "Leases shall be for periods of twelve years less the period intervening between the date of the execution of the lease and December 31 of the previous year."

In response to the application of appellee, the land having been appraised to fix the rentals of the new lease, the board, as of October 24, 1949, issued to appellee a 12-year lease effective January 1, 1950. Appellee remained in possession of the lands under this lease and paid the rentals for 1950 and 1951 in accordance with the terms thereof.

Sometime between August 24 and September 4, 1951, the board, by letter, notified appellee that because of the holdings of this court it had adopted a motion cancelling and setting aside the lease he held and advised him that a lease on the lands covered by his lease would be offered at public auction after notice had been given as provided by law.

This notice was published in the Imperial Republican in accordance with the provisions of section 72-233, R. R. S. 1943, which provides in part: "The Board of Educational Lands and Funds may, at least once in each year, designate a day and hour for offering, in a public manner at the office of the county treasurer in the respective counties, lease contracts on all the educational lands in each respective county which may be subject to lease at the time of such offering. Said offering shall be announced in a public manner by publishing a notice thereof three weeks preceding said auction in one or more of the legal newspapers published or of general circulation in the county in which said unleased land is located." This notice advised the public that a lease on these lands would be offered at public auction on January 16, 1952, at 1:30 p. m., at the office of the county treasurer of Chase County, in Imperial, Nebraska.

At this sale appellants Andrew R. Banks and Herman F. Banks made the highest bid. They bid the sum of $2,000 as a bonus in addition to the rentals fixed by the

lease. They made application to the board accordingly. In pursuance to their application the board issued them a 12-year lease dated February 11, 1952, but effective as of January 1, 1952. The Bankses have paid the $2,000 plus the rental charges for the first six months of 1952.

In accordance with section 72-240.06, R. R. S. 1943, the improvements of appellee on these lands were appraised by the county commissioners of Chase County. They fixed the value thereof at $930. This amount the Bankses have deposited with the county treasurer of Chase County. However, the appellee refused to accept the amount deposited and has appealed to the district court where the matter is now pending.

Appellee refused to surrender possession to the new lessees, the Bankses. Consequently, on April 17, 1952, appellants caused a three-day notice to vacate to be served on appellee. This action was commenced on April 28, 1952. This case presents, with one exception, an identical situation as was involved in State v. Cooley, *post* p. 330, 56 N. W. 2d 129. In fact the cases were consolidated for briefing. We shall not repeat what we said in that case except to say that it is controlling here insofar as the factual situation is the same.

The only difference is that when appellee purchased the lease from Verna Banks, together with a quarter section of deeded land, there was deposited with the board the sum of $750. This was done in order to get the board to approve the assignment of the lease. See section 72-234.02, R. R. S. 1943.

Appellee contends that since the $750 received by the state was not restored an action based on rescission cannot be maintained. Under our holding in Propst v. Board of Educational Lands and Funds, *ante* p. 226, 55 N. W. 2d 653, the question of rescission is not here involved because, as therein stated: "It was the decision of the court in the Ebke case that gave the renewal leases their status of legal nullity, and not the action of the board in entering the fact upon its records by its

declaration or by its vacation of the previous orders concerning the issuance of the leases."

If the $750 was paid for the assignment of the lease held by Verna Banks to the north half of Section 16, which we think it was, then the payment is of no concern here as that lease expired by its own terms on December 31, 1949. On the other hand, if it was sought to extend the effect of the payment by saying it was to secure the benefit of the automatic renewal privilege of section 72-240.01, R. R. S. 1943, then it was without effect for we have said that a lease issued pursuant to the provisions thereof is a nullity and incapable of creating any rights or obligations. Propst v. Board of Educational Lands and Funds, *supra.*

It may be that under our holdings in Todd v. Board of Educational Lands and Funds, 154 Neb. 606, 48 N. W. 2d 706, the state had no right to the $750 but that fact does not give appellee any right to possession of the land herein involved. There are procedures which appellee or Verna Banks, depending upon who has the right to these funds, may use for the purpose of trying to regain them but that is not of concern here.

Under the facts disclosed by the record we find appellee, as a matter of law, was unlawfully holding possession of the premises and that judgment should have been entered for appellants. We therefore reverse the judgment of the lower court and remand the cause with directions to enter judgment for the appellants in accordance with the prayer of their petition.

REVERSED AND REMANDED WITH DIRECTIONS.