STATE OF NEBRASKA, APPELLANT, v. ELMER CLARK ET AL., APPELLEES.

64 N. W. 2d 112

Filed April 16, 1954.   No. 33510.

*Clarence S. Beck,* Attorney General, and *Robert A. Nelson,* for appellant.

*Ely & Ely,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Plaintiff, State of Nebraska, originally filed this forcible entry and detainer action in the county court of Brown County against defendants Elmer Clark, Ben Clark, Wayne Clark, Nettie Lampitt, Melvin Lampitt, and Marion G. Lampitt, seeking restitution of described school lands located in said county and owned by plaintiff as trustee. Upon trial to a jury of the issues made by plaintiff's petition and defendants' plea of not guilty, it returned a verdict against plaintiff and for defendants, finding them not guilty of unlawful detention of the premises, and judgment was rendered thereon at plaintiff's costs. Therefrom plaintiff prosecuted error to the district court attaching a transcript of said proceedings in the county court to its petition in error and making it a part thereof. In said petition it was alleged that the verdict of the jury and judgment rendered thereon was not sustained by the evidence but was contrary thereto and contrary to law. Hearing thereon was had

in the district court, whereat, without objection, the county court files in said cause and a bill of exceptions containing all the evidence adduced by the parties in the county court were offered and received in evidence. Subsequently, the trial court rendered a judgment which found that the judgment of the county court was free from error, dismissed plaintiff's petition in error, affirmed the judgment of the county court at plaintiff's costs, and ordered the judgment certified back to the county court for enforcement as if no error had been taken.

Thereafter plaintiff's motion for new trial was overruled and it appealed to this court, assigning as error: (1) That the trial court erred in finding that the judgment of the county court was free from error; and (2) that the judgment of the district court was not sustained by the evidence and was contrary to law. We sustain the assignments.

Plaintiff's petition filed in the county court specifically described the lands involved. It then alleged, to wit: That they were a part of the lands granted to plaintiff under the Enabling Act of Congress, and that plaintiff is the owner thereof as trustee for the use and benefit of the common schools of this state, as provided by said act and the Constitution of this state, under which the Board of Educational Lands and Funds, hereinafter designated as the board, is charged with the control and management of such lands. That the board issued to Ed M. Kinney (whose name is actually Edd R. Kinney) and Florence M. Kinney a lease to the premises for a period of 12 years from January 1, 1952, they having offered the highest and best bid therefor at a public auction held on October 16, 1951. It then alleged that defendant Elmer Clark had entered into possession of the premises under a 25-year lease on January 2, 1923, which expired on December 31, 1947; and that pursuant to the provisions of sections 72-240 and 72-240.01, R. R. S. 1943, defendant made application for and was issued

a new lease by the board, dated January 1, 1948, for a period of 12 years.

In that connection, paragraph VI then alleged: "That the Supreme Court of Nebraska has declared sections 72-240 and 72-240.01 to be unconstitutional and void and that, therefore, the lease issued by the Board of Educational Lands and Funds under date of January 1, 1948, as above set forth, is a complete nullity and the defendant acquired no rights by virtue of the same."

Thereafter, it was also alleged that defendants Ben Clark, Wayne Clark, Nettie Lampitt, Melvin Lampitt, and Marion G. Lampitt, had entered into possession of the premises without plaintiff's permission or consent. It then alleged that on March 6, 1952, plaintiff caused a legal 3-day notice to vacate to be served upon defendants and each of them, and such period had fully elapsed and determined, but defendants continued to unlawfully and forcibly detain said premises from plaintiff, who prayed for restitution thereof and costs.

The material evidence is not in dispute. The record discloses that on January 2, 1923, a valid school land lease for the premises was issued to defendant Ben Clark, Clarence Clark, and defendant Elmer Clark, for a period of 25 years. On April 9, 1923, Clarence Clark assigned all his interest therein to defendants Ben Clark and Elmer Clark. On November 29, 1940, Ben Clark assigned all his interest to Elmer Clark. Such lease provided: "* * * that at the expiration of twenty-five years from and after the first day of January next ensuing after the date of this lease, or sooner, with the consent of the Board of Educational Lands and Funds, he will peaceably and quietly leave, surrender, and yield up all and snigular (sic) the said lands and premises." Such lease expired on December 31, 1947. However, on August 4, 1947, pursuant to the provisions of sections 72-240 and 72-240.01, R. R. S. 1943, defendant made application to the board for a new lease. On November 29, 1947, his application therefor was approved

and a new lease was issued to him for a period of 12 years purportedly effective from January 1, 1948, under which he still claims the right to possession. He thereafter remained in possession and paid rentals thereon until the first half of 1952, which rentals the county treasurer refused to accept, as ordered by the board. However, it will be observed that sections 72-240 and 72-240.01, R. R. S. 1943, were unconstitutional, and such lease was entirely void and a legal nullity from its inception, so that, as concluded in State v. Cooley, 156 Neb. 330, 56 N. W. 2d 129, defendant Elmer Clark was merely a tenant at sufferance. Also therein this court specifically held: "Anyone dealing with the school lands must be held to do so with knowledge of and subject to the trust obligations of the state and the legislative grant of power to the Board of Educational Lands and Funds as to the terms and conditions of the lease." See, also, State v. Gardner, 156 Neb. 326, 56 N. W. 2d 135; State ex rel. Ebke v. Board of Educational Lands & Funds, 154 Neb. 244, 47 N. W. 2d 520, supplemental opinion, 154 Neb. 596, 47 N. W. 2d 520; Propst v. Board of Educational Lands & Funds, 156 Neb. 226, 55 N. W. 2d 653, certiorari denied, 346 U. S. 823, 74 S. Ct. 39, 98 L. Ed. 42.

All other defendants herein were concededly subtenants or croppers, charged with notice of and subject to the terms and conditions of defendant Elmer Clark's lease, with no greater rights in the premises than those possessed by him.

In such situation, on August 13, 1951, the board lawfully ordered and directed that a lease of the land should be sold at public auction upon notice given thereof, as provided by law. Such notice was duly given that a lease upon the lands would be offered for sale at public auction at the office of the county treasurer in Ainsworth, Brown County, at 1:30 p. m., October 16, 1951. Defendant Elmer Clark was present at that sale, but did not personally bid on the lease. His brother, defendant Ben Clark, was also present and did bid for himself

and a secret other person who he claims was not Elmer Clark. However, Edd R. Kinney and Florence M. Kinney offered the highest and best bonus bid. Of even date, and in conformity therewith, they made formal application for a lease, in which application, inter alia, they agreed to pay for the improvements in addition, as provided by law. Their application was approved by the board November 13, 1951, and a valid lease was issued to them as of that date for a 12-year period, effective January 1, 1952. The State offered to prove by Edd R. Kinney that an appraisal of the improvements had been made by the county board and that the amount thereof had been paid by him to the county treasurer, but an objection by defendants that the offer was "incompetent, irrelevant, and immaterial" was sustained.

On March 6, 1952, defendants having refused to surrender possession, plaintiff caused a legal 3-day notice to vacate the premises to be served upon defendants and each of them, which they refused to obey, and this action followed April 22, 1952.

In the light of the pleadings and evidence aforesaid, defendants raised, argued, and made the same material contentions in support of the trial court's judgment herein as were made by defendant in Board of Educational Lands & Funds v. Gillett, *ante* p. 558, 64 N. W. 2d 105. The pleadings, issues, and evidence in that case were in all material respects identical with that at bar except only that the names, dates, parties, lands, location, and amounts were different. Since defendant's contentions made therein were discussed at length and decided adversely to him in that opinion, our discussion and conclusions, together with reasons therefor, will not be repeated here. It is sufficient for us to say that they are adopted herein as controlling.

As was done in State v. Gardner, *supra*, and State v. Cooley, *supra*, we conclude as a matter of law, that under the pleadings and evidence disclosed by the record, defendants were unlawfully holding possession of the

premises, and that judgment awarding restitution and costs should have been rendered in favor of plaintiff. We therefore reverse the judgment of the lower court and remand the cause with directions to render judgment for plaintiff in accord with the prayer of its petition. All costs are taxed to defendants.

REVERSED AND REMANDED WITH DIRECTIONS.